## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| NUKOTE INTERNATIONAL, INC. § | |
| § | |
| NU-KOTE IMPERIAL, LTD. § | **JOINTLY ADMINISTERED** |
| § | **UNDER CASE NO. 09-06240** |
| INTERNATIONAL COMMUNICATION § | |
| MATERIALS, INC. § | **CHAPTER 11** |
| § | |
| ENVIROSMART, INC. § | **Judge Keith M. Lundin** |
| § | |
| BLACK CREEK HOLDINGS, LTD., § | |
| § | **Hearing: December 15, 2009 at 10:00a.m.** |
| DEBTORS. § | |
| § | |
| § | |

## MODIFICATION TO FIRST AMENDED JOINT PLAN
## OF REORGANIZATION FOR NUKOTE

Nukote International, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively the "Debtors" or "Nukote"), file this Modification to First Amended Joint Plan of Reorganization for the Debtors pursuant to Section 1127(a) of the Bankruptcy Code.

1.    The First Amended Joint Plan of Reorganization for Nukote (the "Plan"), filed on November 12, 2009 is hereby modified as follows:

A.    The following language with regard to the treatment of the Allowed Priority Tax Claim of the Texas Comptroller of Public Accounts (the "Texas Comptroller") will be added at the end of **Article V, section 5.5**:

> If Nukote has not already filed any requisite 2008 and 2009 Texas franchise tax returns, those returns will be filed no later than February 1, 2010. The Texas Comptroller will have 45 days from the date the returns are filed to amend its claim. The Debtor reserves the right to object to any amended claim. The Texas Comptroller's Allowed Priority Tax Claim, if any, shall be paid by the

Reorganized Debtor in quarterly installments commencing May 1, 2010, in an amount sufficient to amortize the Comptroller's claim over a five-year period from the Petition Date. Interest shall accrue on the amount of such Allowed Priority Tax Claim from the Effective Date until such Claim is paid in full. Pursuant to Bankruptcy Code Sec. 511, interest shall accrue at the rate under applicable non-bankruptcy law (Texas Tax Code Sec. 111.060) on the Confirmation Date. If the Reorganized Debtor fails to make a payment when due to the Texas Comptroller pursuant to the terms of this Plan and fails to cure such payment default within ten (10) days after service of written notice on the Reorganized Debtor and its counsel, then the Texas Comptroller may (a) enforce the entire amount of its claim, (b) exercise any and all rights and remedies under applicable nonbankruptcy law, and (c) seek such relief as may be appropriate in the Bankruptcy Court of any other court of competent jurisdiction.

B.  The following language with regard to the treatment of the Allowed Priority Tax Claim of the State of New York Department of Taxation and Finance will be added at the end of **Article V, section 5.5**:

Any Allowed Priority Tax Claim of the State of New York Department of Taxation and Finance (the "Department") shall be paid in full in equal annual installments beginning on the day that is six (6) calendar months from the Effective Date of this Plan and continuing each year thereafter over a period ending not later than five (5) years after the Petition Date. Paid in full shall include interest from the Effective Date at a rate of interest equal to the rate of interest paid on amounts due under a federal judgment entered on the Effective Date.

The Reorganized Debtor may in its sole discretion choose to: (i) make payments to the Department more frequently than provided for herein: (ii) make payments in an amount greater than the pro rata annual amount due to the Department hereunder; or, (iii) pay the Department's Allowed Priority Tax Claim in full, including with the interest provided for herein, prior to five years from the Petition Date. In the event the Reorganized Debtor exercises its discretion to make a payment in an amount greater than the pro rata annual amount due to the Department, the pro rata amount of all subsequent payments shall be adjusted accordingly. Any exercise by the Reorganized Debtor of its discretion to accelerate one or more payments or to pay a greater pro rata amount shall not bind the Reorganized Debtor to acceleration of other payments or to subsequently pay any amount greater than the pro rata payment due to the Department.

C.  The treatment of Allowed Priority Wage Claims set forth in **Article V, section 5.6** of the Plan is modified as follows (modified text appears in bold and italics):

5.6  **Class 6: Priority Wage Claims**:  Allowed Priority Wage Claims shall be paid in full by the Trust *on the later of (a) the Effective Date or (b) if such Claim is a Contested Claim, the date on which the order allowing such Claim becomes a Final Order*.

D.  Section 8.4 of the Plan, **Funding of the Trust** is modified to read as follows

(added text appears in bold and italics):

8.4  **Funding of the Trust.**  The Reorganized Debtors will fund an initial sum of $50,000 from the cash infusion from Richmont to the Trust for the evaluation and pursuit of the Avoidance Actions. *The Reorganized Debtors shall make additional advances into the Trust as, when and in the amounts necessary to fund the payment of Allowed Priority Wage Claims in accordance with §5.6 of the Plan, to the extent the Trust has insufficient cash to fund such payments.*  The Reorganized Debtors may advance additional sums to the Trust, but such additional advances shall only be in such amounts as the Reorganized Debtors, in their sole and absolute discretion, shall deem appropriate and reasonable.  Any of such additional advances (including amounts advanced to pay Allowed Priority Wage Claims), if any, shall be reimbursed to the Reorganized Debtors, respectively, from the first recoveries on the Avoidance Actions prior to any distributions of the Net Recoveries.

E.  The language at section 16.14 of the Plan, **Setoff**, is modified to read as follows

(added text appears in bold and italics):

16.14  **Setoff.**  Except as specifically provided in the Plan, no Creditor shall retain any contractual or statutory right to set off any asset in which the Debtors or Reorganized Debtor has an interest in satisfaction of that Creditor's pre-petition Claim.  Any right to set off a claim against an asset of Debtors or Reorganized Debtor which is not specifically retained is waived. *Notwithstanding the foregoing, the Plan shall not affect any rights of Innotex Precision Limited, Print-Rite Procurement Services Limited, Office Depot, Inc., the State of New York Department of Taxation and Finance, and the Texas Comptroller to setoff in accordance with §553 of the Bankruptcy Code and applicable law.*

F.  The following language with regard to the proofs of claim filed by Print-Rite Procurement Services Limited and Innotex Precision Limited will be added at the end of **Article XII, section 12.1** so that section 12.1 shall read (added text appears in bold and italics):

12.1  **No Distributions Pending Allowance or Estimation of Claims.**  No payments or distributions shall be made with respect to all or any portion of a Contested Claim unless and until such Claim becomes an Allowed Claim, or Allowed Interest, as determined by Final Order. *Notwithstanding anything to the contrary in this Plan, the Claims of Innotex Precision Limited and Print-Rite Procurement Services Limited are Allowed at*

*the amount stated on their filed proofs of claim unless there is an objection to the allowance thereof that has been filed on or before any claims objection deadline. If there is an objection to the allowance filed before a claims objection deadline, then these Claims are Allowed in an amount set forth on a Final Order.*

DATED: December 14, 2009

Respectfully submitted,

**WRIGHT GINSBERG BRUSILOW P.C.**

By: _/s/ Frank J. Wright_
    Frank J. Wright
    C. Ashley Ellis

600 Signature Place
14755 Preston Road
Dallas, TX 75254
(972) 788-1600
(972) 239-0138 - fax

and

Craig V. Gabbert, Jr.
Barbara D. Holmes
HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.
315 Deaderick Street, Suite 1800
Nashville, TN 37238-1800
(615) 256-0500
(615) 251-1059 (fax)

**ATTORNEYS FOR THE DEBTORS**

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that the Modification to First Amended Joint Plan of Reorganization for Nukote was served by electronic means via the Court's ECF System or by first class United States mail, postage prepaid on December 14, 2009 to the parties identified on the service list.

    _/s/ C. Ashley Ellis_
    C. Ashley Ellis

I:\9100s\9134\Plan\Plan Modification-01.wpd

# LIMITED NOTICE SERVICE LIST

**Counsel for The Official**
**Unsecured Creditors Committee:**

Joseph Allen Kelly
Robert J. Mendes
Allison E. Batts
2525 West End Avenue, Suite 1475
Nashville, TN 37203
jak, rjm or aeb@mglaw.net
(Electronic Service)

**U.S. Trustee:**

Lloyd E Mueller
United States Trustee
701 Broadway Suite 318
Nashville, TN 37203
Lloyd.E.Muller@usdoj.gov
(Electronic Service)

**Secured Creditors:**

Robert A. Guy, Jr.
Re: CIT Group/Business Credit, Inc.
Waller Lansden Dortch & Davis LLP
511 Union Street, Ste 2700
Nashville, TN 37219
bobby.guy@wallerlaw.com
(Electronic Service)

Kimbro Mechanical, LLC
1877 Air Lane Drive
Nashville, TN 37210

**Attorneys General:**

William Frederick McCormick
Tennessee Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37243
agbanklundin@ag.tn.gov
(Electronic Service)

Lawrence T. Palmer
Office of the Attorney General
564 Forbes Avenue
Manor Complex, 5th Floor
Harrisburg, PA 15219
lpalmer@attorneygeneral.gov
(Electronic Service)

Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548

Office of the Attorney General
The State Capitol
Albany, NY 12224-0341

Office of the Attorney General
The Capitol, Suite 118
700 Capitol Avenue
Frankfort, KY 40601-3449

Office of the Attorney General
California Department of Justice
P.O. Box 944255
Sacramento, CA 94244-2550

Office of the Attorney General
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

**Parties Requesting Notice Via U.S. Mail:**

Ken Higman
Sr. Default & Recovery Analyst
Hewlett-Packard Company
2125 E. Katella Avenue, Suite 400
Anaheim, CA 92806

Vincent J. Roldan
Re: Innotex Precision Ltd and Print Rite
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104

417886-1

Christopher G. Campbell
Re: Innotex Precision Ltd and Print Rite
DLA Piper LLP
1201 West Peachtree Street, Suite 2800
Atlanta, GA 30309-3450

Janet Fitzpatrick, Legal Assistant
Unisys Corporation
Unisys Way
P.O. Box 500, M/S E8-108
Blue Bell, PA 19424

James S. Carr & Gabrielle A. Rohwer
Re: Toray Plastics (America), Inc.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

Kores Office Professional USA, Inc.
P.O. Box 601586
Dallas, TX 75360-1586

Nukote International, Inc.
Attn: Alan Lockwood
1227 Ridgeway Avenue
Rochester, NY 14615


*All Other Parties Requesting Notice Receive
Electronic Service Through the U.S.
Bankruptcy Court's CM/ECF in Accordance
with the Court's Procedures*