*Keith M. Lundin*
Keith M. Lundin
U.S. Bankruptcy Judge
Dated: 01/04/10



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| NUKOTE INTERNATIONAL, INC. § | |
| § | |
| NU-KOTE IMPERIAL, LTD. § | JOINTLY ADMINISTERED |
| § | UNDER CASE NO. 09-06240 |
| INTERNATIONAL COMMUNICATION § | |
| MATERIALS, INC. § | CHAPTER 11 |
| § | |
| ENVIROSMART, INC. § | Judge Keith M. Lundin |
| § | |
| BLACK CREEK HOLDINGS, LTD., § | |
| § | |
| DEBTORS. § | |
| § | |
| § | |

### ORDER CONFIRMING FIRST AMENDED JOINT PLAN
### OF REORGANIZATION FOR NUKOTE AS MODIFIED

On the 15th day of December, 2009, came on before the Court the confirmation hearing on the First Amended Joint Plan of Reorganization for Nukote [Docket No. 404] dated November 12, 2009, as modified by the Modification to First Amended Joint Plan of Reorganization filed on December 14, 2009 [Docket No. 467] (the "Plan") by Nukote International, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, "Nukote" or the "Debtors"); and the Court having considered the Plan, the ballot tally, the evidence presented at the hearing; and all objections to the Plan having been resolved, withdrawn, overruled by the Court or cured by the terms of this Order; and the Court having made its findings of fact and conclusions of

- 1 -

law orally on the record, which findings and conclusions are incorporated by reference herein and set forth in part as follows (capitalized terms used in this Order and not defined herein shall have their respective meanings set forth in the Plan, or if not defined in the Plan, as defined in the Bankruptcy Code).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. On June 3, 2009 (the "Petition Date"), Nukote commenced these cases under Chapter 11 of the Bankruptcy Code. The cases are jointly administered pursuant to an order of this Court.

2. On June 12, 2009, as amended on June 19, 2009, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee"). On October 2, 2009, the United States Trustee appointed an additional committee, the Official Committee of Terminated Employees ("Employee Committee"), consisting of former employees of Nukote whose employment was terminated prior to the Petition Date.

3. The First Amended Joint Plan of Reorganization for Nukote and the First Amended Disclosure Statement for the Plan of Reorganization for Nukote ("Disclosure Statement") were filed on November 12, 2009. The Disclosure Statement was approved by this Court by order entered on November 12, 2009. The deadline for filing objections to the Plan was December 8, 2009. The deadline for voting to accept or reject the Plan was December 8, 2009.

4. On November 12, 2009, after proper notice and hearing as required by 11 USC §1125(b), this Court approved the Disclosure Statement and authorized the Debtors and Richmont (the "Plan Proponents") to solicit votes with respect to the Plan.

5. The Plan, Disclosure Statement, the Order Approving Disclosure Statement and a Ballot for solicitation of votes were mailed to all creditors and parties in interest entitled to receipt

- 2 -

of same in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the orders of this Court.

6. The Court has jurisdiction in this matter pursuant to 28 USC §1334. This is a core proceeding pursuant to 28 USC §157(b)(2)(L).

7. The Plan Proponents proposed the Plan in good faith to provide for the treatment of all claims against the Debtors and their properties.

8. Notice of the Plan has been in compliance with 11 USC §§1125 and 1126 and Bankruptcy Rules 3017 and 3018 and other applicable authority. All creditors, and other parties in interest, in accordance with the orders of this Court, received due and appropriate notice of (a) the Plan; (b) the time within which ballots must have been received; (c) the time within which objections to confirmation must have been filed; and (d) the Confirmation Hearing.

9. It appears that solicitation of ballots in connection with the Plan was in compliance with applicable law.

10. All objections filed to confirmation of the Plan were fully considered by the Court, and were each either overruled, withdrawn, or resolved by agreement with the exception of one. The Court sustains in part the objection made by the Employee Committee that the Plan impermissibly terminates the Employee Committee. The Court, however, finds that if the Plan Proponents agree to modify the Plan with the incorporation of certain provisions regarding the Employee Committee in the Order confirming the Plan, the Court will confirm the Plan.

11. The Plan meets all requirements of 11 USC §§1122, 1123 and 1129. Specifically, the classification of claims and interests is proper and consistent with 11 USC §1122; the

implementation of the Plan appears to be proper and within the guidelines of 11 USC §1123; and the Plan complies with the applicable provisions of Title 11.

12. The Plan Proponent has complied with the applicable provisions of Title 11.

13. The Plan has been proposed in good faith and not by any means forbidden by law.

14. Any payment made or to be made by the Plan Proponents, or by a person issuing securities (not applicable) or acquiring property under the Plan, for services, or for costs and expenses in connection with the Case or the Plan has been approved by or is subject to approval of the Court as reasonable.

15. The Plan Proponents have disclosed the identity and affiliations of any individual proposed to serve after confirmation as director, officer, or voting trustee of the Debtors, an affiliate of the Debtors, or a successor to the Debtors.

16. The Plan meets the so-called "best interests" test. Specifically, with respect to each impaired class of Claims or Interests, each holder of a Claim or Interest has either accepted the Plan, or such holder will retain or receive under the Plan property of a value as of the Effective Date that is not less than it would receive in a Chapter 7 liquidation.

17. With respect to each Class in the Plan, the Court finds that all Classes except for Classes 4, 6 and 11 have either accepted the Plan or such Class is not impaired under the Plan. The Court accepts the ballot tally that was submitted to the Court as credible evidence of this.

18. With respect to Classes 4 and 11, which are non-accepting Classes, the Court finds that the Plan may be appropriately crammed down on them as proposed in that the Plan is fair and equitable and does not discriminate in any way against them, as contemplated by the provisions of 11 USC §1129(b).

19. With regard to 11 USC §1129(a)(9) and the Plan's treatment with regard to priority wage claims, the Court believes that the evidence showed that the Plan does comply with 11 USC §1129(a)(9), as it appears that allowed priority wage claims will be paid within 30 days after the Effective Date or when allowed which complies with 11 USC §1129(a)(9) in that the Debtors will either pay the claims or object to them.

20. The Plan meets the so-called feasibility test. The Court believes that the Plan is not likely to be followed by liquidation or the need for further reorganization.

21. The Court finds it is appropriate to treat the Plan as modified as the Plan. The Court will deem the acceptances of the Plan to apply as modified without any further notice, solicitation, or hearing being required, since the Court finds the proposed plan modifications do not adversely change the treatment of the Claim of any Creditor or Interest holder who has not accepted in writing the modification.

22. With respect to the Employee Committee and its counsel, the Court finds that committees do sometimes function post-confirmation, that the Employee Committee represents an unusual class of creditors, and that the Employee Committee and its counsel should be allowed to continue post-confirmation subject to the following restrictions: 1) the Employee Committee and its counsel may participate in the claims objection process with respect to priority wage claims based on WARN Act violations but only as to issues of plant closings, mass layoffs, and unforseeable circumstances; 2) the Employee Committee and its counsel will have no standing as to any other issues except as may determined by the court; and 3) the Court retains jurisdiction over the fees of counsel for the Employee Committee.

23. The Court reserves the right to supplement or amend these findings and conclusions.

THEREFORE, based upon the foregoing findings of fact and conclusions of law, it is hereby:

- 5 -

ORDERED that the Plan is and shall be hereby confirmed in all respects pursuant to 11 USC §1129(a); and it is further

ORDERED that the objections to confirmation of the Plan which have not been resolved by agreement are hereby overruled with the one exception noted in the Court's findings and resolved by the Plan Proponents' agreement to the terms of this Order; and it is further

ORDERED that the Trustee of the Trust shall be the individual chosen by the Creditors' Committee and previously disclosed in the Trust Agreement filed with the Court, Christopher J. Tierney, who is the Managing Director of Hays Financial Consulting; and it is further

ORDERED that the form of the Trust Agreement that was attached to the Plan is approved; and it is further

ORDERED that the Trustee and the Reorganized Debtors are appointed as the representatives of the Estates pursuant to 11 USC §1123(b)(3) to pursue their respective Causes of Action; and it is further

ORDERED that all of the Debtors' bankruptcy estates are substantively consolidated as provided in Section 7.1 of the Plan; and it is further

ORDERED that all of the existing ownership interests in the Debtors held by any non-Debtor party other than Richmont are hereby canceled and, on the Effective Date, Reorganized International is authorized and directed to issue additional shares of Reorganized International's common stock, representing all of the issued and outstanding common stock, to Richmont; and it is further

ORDERED that all claims of the Debtors and their estates against either the Nukote Affiliated Parties or CIT are hereby released; and it is further

ORDERED that the Debtors are hereby authorized and directed to take all actions necessary to effect the transactions and transfers required to implement the terms of the Plan; and it is further

ORDERED that the Plan Proponents' assumption and rejection of certain executory contracts as described in the Notice of Intent to Assume or Reject Certain Executory Contracts [Docket No. 439] ("Notice of Intent") and the Supplement to the notice filed on December 4, 2009 [Docket No. 444] ("Notice of Intent") is approved and those contracts designated to be rejected are hereby rejected and those contracts designated to be assumed are hereby assumed and the cure amounts as listed in the Notice of Intent are approved except with respect to First American Commercial Bancorp whose contract is governed by separate order [Docket No. 487]; and it is further

ORDERED that except as otherwise provided in the Plan or in this Order, on the Effective Date the Trust Assets shall be conveyed to the Trust free and clear of all Liens, Claims and encumbrances; and it is further

ORDERED that, except as set forth in the Plan with respect to CIT, the DIP Facility, the Exit Facility and any other agreement with CIT, all Creditors and Persons who have held, hold or may hold Claims or Interests, are permanently enjoined on and after the Effective Date against the: (i) commencement or continuation of any judicial, administrative, or other action or proceeding against the Debtors, Reorganized Debtors, Richmont or Nukote Affiliated Parties on account of Claims against or Interests in the Debtors; (ii) enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against the Debtors, Reorganized Debtors, Richmont or Nukote Affiliated Parties, or any assets or property of same; or (iii) creation, perfection or enforcement of any encumbrance of any kind against the Debtors, Reorganized Debtors, Richmont or Nukote Affiliated Parties, arising from a Claim; and it is further

ORDERED that all approvals and consents of the Equity Interest holders, and officers and directors of the Debtors, as may be necessary to implement and carry out the Plan and the actions authorized by this Order be, and they hereby are, deemed made or done; and it is further

ORDERED that no transfer of a claim against or a beneficial interest in the Trust made on or after the Effective Date shall be effective unless evidenced by a notice of same executed by both transferor and transferee which is filed with the Bankruptcy Court and served on the Trustee; and it is further

ORDERED that this Court shall retain jurisdiction over this case and related matters, proceedings and issues as set forth in the Plan and to the fullest extent allowed by the Bankruptcy Code; and it is further

ORDERED that this Order is hereby declared to be in recordable form, and shall be accepted by any recording officer for filing and recording purposes without further additional orders, certifications or other supporting documents; and it is further

ORDERED that each and every federal, state, commonwealth, local, foreign or other governmental authority, agency or department is hereby directed to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Order; and it is further

ORDERED that to the extent that the terms of the Plan conflict with any prior orders of this Court, other than with respect to the Order entered by this Court dated September 28, 2009 approving the DIP Facility on a final basis, the terms of the Plan shall be controlling; and it is further

ORDERED that any transfers made pursuant to the Plan or this Order are exempt from taxation in accordance with 11 USC §1146; and it is further

Case 3:09-bk-06240    Doc 490    Filed 12/31/09    Entered 12/31/09 10:13:31    Desc Main
Document    Page 8 of 9

ORDERED that notwithstanding any provision of the Plan to the contrary, the Plan is modified to provide that the Employee Committee and its counsel will continue post-confirmation subject to the following restrictions: 1) the Employee Committee and its counsel may participate in the claims objection process with respect to priority wage claims based on WARN Act violations but only as to issues of plant closings, mass layoffs, and unforseeable circumstances; 2) the Employee Committee and its counsel will have no standing as to any other issues; and 3) the Court retains jurisdiction over the fees of counsel for the Employee Committee; and it is further

ORDERED that within fourteen (14) days after the date of the entry of this Order, the Plan Proponents shall mail or cause to be mailed to all Creditors who have filed a proof of claim in this case (provided such claims have not previously been disallowed), parties who have filed a Notice of Appearance, parties to rejected leases or executory contracts and all other parties listed on the Debtors' master service list, notice of entry of this Order.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

**SUBMITTED FOR ENTRY:**

| **WRIGHT GINSBERG BRUSILOW P.C.** | **HARWELL HOWARD HYNE GABBERT & MANNER, P.C.** |
|---|---|
| By: /s/ Frank J. Wright<br>Frank J. Wright<br>C. Ashley Ellis<br>600 Signature Place<br>14755 Preston Road<br>Dallas, TX 75254<br>Telephone: 972-788-1600<br>Facsimile: 972-239-0138<br>Email: bankruptcy@hswgb.com | By: /s/ Craig V. Gabbert, Jr.<br>Craig V. Gabbert, Jr.<br>Barbara D. Holmes<br>315 Deaderick Street, Suite 1800<br>Nashville, TN 37238-1800<br>Telephone: 615-256-0500<br>Facsimile: 615-251-1059<br>Email: cvg@h3gm.com |

**ATTORNEYS FOR NUKOTE**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.