IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 09-06240 |
| NUKOTE INTERNATIONAL, INC., et al., ) | Chapter 11 |
| ) | Judge Lundin |
| Debtors. ) | Jointly Administered |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: March 18, 2010**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: April 6, 2010, at 9:00 a.m., in Courtroom Two, 2nd Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.**

### NOTICE OF DEBTORS' FOURTH OMNIBUS OBJECTION TO CLAIMS OF FORMER EMPLOYEES
### (CLAIMS BASED SOLELY ON SEVERANCE AGREEMENTS)

Nukote International, Inc., et al. ("Debtors") have asked the court for entry of an order approving its Fourth Omnibus Objection to Claims of Former Employees (Claims Based Solely on Severance Agreements).

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached Objection by entering the attached order, or if you want the court to consider your views on the Objection, then on or before **March 18, 2010**, you or your attorney must:

1. File with the court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT:** <https://ecf.tnmb.uscourts.gov>.

   If you need assistance with Electronic Filing you may call the Bankruptcy Court at 615-736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN. (Monday - Friday, 8:00 a.m. - 4:00 p.m.).

2. Your response must state that the deadline for filing responses is **March 18, 2010**, the date of the scheduled hearing is April 6, 2010 and the action to which you are responding is **Debtors' Fourth Omnibus Objection to Claims of Former Employees (Claims Based Solely on Severance Agreements).**

3. You must serve your response or objection **by electronic service through the Electronic Filing system** described above. You must also mail a copy of your response or objection to any party in interest required to receive notice under the applicable rules of Court that does not receive electronic notice.

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by calling the Clerk's office at 615-736-5584 or viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the objection and may enter the attached order granting that relief.

Date: February 16, 2010       Signature:   /s/ Craig V. Gabbert, Jr.
                                            Craig V. Gabbert, Jr.
                                            Harwell Howard Hyne Gabbert & Manner, P.C.
                                            315 Deaderick Street, Suite 1800
                                            Nashville, Tennessee 37238
                                            Telephone: 615-256-0500
                                            Facsimile: 615-251-1058
                                            Email: cvg@h3gm.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NUKOTE INTERNATIONAL, INC., et al., | ) | Case No. 09 06240 |
| | ) | Chapter 11 |
| | ) | Judge Keith M. Lundin |
| | ) | |
| Debtors. | ) | Jointly Administered |

## DEBTORS' FOURTH OMNIBUS OBJECTION TO CLAIMS
## OF FORMER EMPLOYEES
## (CLAIMS BASED SOLELY ON SEVERANCE AGREEMENTS)

Nukote International, Inc., et al, the debtors in the above-referenced cases (collectively, "Nukote" and/or the "Debtors"), file this Debtors' Fourth Omnibus Objection to Claims of Former Employees (Claims Based Solely on Severance Agreements) and in support thereof would respectfully show the Court as follows:

NOTICE IS HEREBY GIVEN THAT THE DEBTORS HAVE OBJECTED TO YOUR PROOF OF CLAIM. ANY PARTY IN INTEREST THAT OPPOSES THE OBJECTION TO THAT PARTY'S PROOF OF CLAIM MUST FILE A WRITTEN RESPONSE SETTING FORTH THE FACTUAL AND LEGAL BASES FOR THE OPPOSITION. ALL RESPONSES MUST BE FILED WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN THIRTY (30) DAYS FROM THE DATE OF SERVICE OF THIS OBJECTION AND COPIES SERVED ON COUNSEL FOR THE DEBTORS AT:

> THOMAS P. BINGMAN
> WRIGHT GINSBERG BRUSILOW P.C.
> 14755 PRESTON ROAD, SUITE 600
> DALLAS, TX 75254

ALL TIMELY FILED RESPONSES WILL BE SET FOR HEARING WITH NOTICE TO THE RESPONDING PARTY. IN THE ABSENCE OF TIMELY AND PROPER RESPONSES, THE DEBTORS WILL SUBMIT AN ORDER APPROVING THE OBJECTION AS REQUESTED. NO FURTHER NOTICE WILL BE GIVEN.

1. These jointly administered cases were commenced by the filing of voluntary petitions under Chapter 11 of the Bankruptcy Code on June 3, 2009.

2. On January 4, 2010, the Court entered an Order Confirming First Amended Joint Plan of Reorganization for Nukote as Modified. The Plan provides for the payment of Allowed Priority Wage Claims in Class 6 on the later of the Effective Date of the Plan (the date of closing under the Plan which will occur on or before February 17, 2010) or, if the claim is contested, the date on which the order allowing the claim becomes a Final Order (as defined in the Plan).

3. This Court has jurisdiction over this proceeding under 28 U.S.C. §1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## Claims Objection Procedure

4. The Debtors have reviewed numerous claims filed in these cases and have determined that certain claims are objectionable for one or more reasons. Specifically, the Debtors have objections to a number of claims that were filed by former employees. Attached hereto as Exhibit "A" is a table outlining one or more objections to each claim listed on the table. The claimants receiving this objection should review the table carefully along with each objection set forth below to determine which objection is applicable to their proof of claim. The purpose of this objection is to notify those entities that have filed proofs of claim in these cases that the Debtors object to those claims and to afford creditors an opportunity to respond thereto.

5. If you have filed a proof of claim that is the subject of this objection and you fail to respond to this objection, an order may be entered consistent with the relief requested herein.

2

## Specific Claim Objections

6. The Debtors object to each of the claims listed on the attached Exhibit "A" for the reasons indicated. The explanation of the objection is detailed below. The Debtors object to each claim for one or more of the following reasons:

   a. **Claim Objection A**: The Claim amount does not match the books and records of the Debtors.

   b. **Claim Objection F**: The Claimant has provided insufficient documentation to support the amount reflected on the proof of claim or to allow the Debtors to determine the basis for the claim or how the amount of the claim was calculated. Without sufficient documentation, the Debtors are unable to determine the merits of the claim and therefore object to the allowance of the claim in any amount.

   c. **Claim Objection G**: To the extent the Claim is based on the Severance Agreement and Release attached thereto, the Debtors' object to the Claim on the ground that this agreement was entered into without proper corporate authority and is therefore unenforceable. The employee that purported to sign the agreement on behalf of the Debtors was not an officer of the Debtors and had no authority to enter into such agreement.

   d. **Claim Objection H:** To the extent the Claim is based on the Severance Agreement and Release attached thereto, Debtors object to the Claim on the grounds that the Claimant had already resigned from the Debtors' employment and was accepting an authorized continuation of employee benefits. Accordingly, the severance agreement is not enforceable and the

3

Debtors' object to the allowance of any portion of the Claim arising from the breach thereof.

e. **Claim Objection I.** To the extent the Claim is based on the Severance Agreement and Release attached thereto, Debtors object to the Claim on the grounds that the agreement is contrary to the Debtors' established policy on severance.

## Alternative Resolution Procedure

7. If you would like to resolve the objection to your proof of claim without court proceedings, you may contact Kelly Kittrell at Nukote at (972) 398-7125 or by email at kkittrell@nukote.com or the undersigned counsel for the Debtors. A resolution may involve one or more of the following: 1) a reduction in the amount of your priority claim; 2) treatment of your entire claim as an unsecured claim; or 3) a discounted cash payment to you in full satisfaction of all of your claims.

## Notice of Opportunity to Withdraw a False Claim

8. The Debtors believe that certain creditors filed claims that clearly had no right to assert a claim. 18 U.S.C. § 152(4) provides that a person who "knowingly and fraudulently presents any false claim for proof against the estate of a debtor...shall be fined under this title, imprisoned not more than 5 years or both." If you believe you have filed a false claim against the Debtors, you may withdraw it within 10 days after receipt of this objection and the Debtors will not pursue any action against you for filing a false claim.

**WHEREFORE, PREMISES CONSIDERED**, the Debtors respectfully request that the Court enter an order sustaining the foregoing objections and disallowing the Claim as

4

requested, and granting such other and further relief as this Court might deem just and proper.

Dated: February 16, 2010          Respectfully submitted,

        **WRIGHT GINSBERG BRUSILOW P.C.**

        By:   */s/ Frank J. Wright*
              Frank J. Wright
              C. Ashley Ellis
              Thomas P. Bingman

        600 Signature Place
        14755 Preston Road
        Dallas, TX 75254
        (972) 788-1600
        (972) 239-0138 - fax

        and

        Craig V. Gabbert, Jr.
        Barbara D. Holmes
        **HARWELL HOWARD HYNE**
        **GABBERT & MANNER, P.C.**
        315 Deaderick Street, Suite 1800
        Nashville, TN 37238-1800
        (615) 256-0500
        (615) 251-1059 (fax)

        **ATTORNEYS FOR THE DEBTORS**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on February 16, 2010 via first class mail, postage prepaid on the parties on the attached service list and electronically on all parties consenting to electronic service in this case.

        /s/ Craig V. Gabbert, Jr.
        Craig V. Gabbert, Jr.

5

Case 3:09-bk-06240    Doc 526    Filed 02/16/10    Entered 02/16/10 19:16:18    Desc Main
Document    Page 6 of 16

## Fourth Omnibus Objection (Claims Based Solely on Severance Agreeements) - EXHIBIT A

| Creditors' Name | | Claim # | Total | Priority | Claim Objections | Proposed Allowed Amount |
|---|---|---|---|---|---|---|
| Altman | Stacie | 476 | 996.15 | 996.15 | A,F,G,I | $0.00 |
| Bischoping | Adriane | 414 | 2,019.21 | 2,019.21 | A,F,G,I | $0.00 |
| Branigan | Terrence | 441 | 8,333.33 | 8,333.33 | A,F,G,I | $0.00 |
| Bullock | Bonnie | 449 | 36,614.76 | 10,950.00 | A,F,G,I | $0.00 |
| Clayton | Rosemary | 307 | 13,076.94 | 10,950.00 | A,F,G,I | $0.00 |
| Craven | James | 431 | 432.69 | 432.69 | A,F,G,I | $0.00 |
| Crowley | Richard | 388 | 1,983.19 | 1,983.19 | A,F,G,I | $0.00 |
| Eigbrett | Paul | 416 | 8,319.24 | 8,319.24 | A,F,G,I | $0.00 |
| Esler | Emily | 400 | 1,776.03 | 1,776.03 | A,F,G,I | $0.00 |
| Greenwell | Mary | 491 | 17,850.00 | 10,950.00 | A,F,G,H,I | $0.00 |
| Herring | Emila | 483 | 3,223.46 | 3,223.46 | A,F,G,I | $0.00 |
| Holland | Carl | 355 | 23,293.76 | 10,950.00 | A,F,G,I | $0.00 |
| Huynh | Hai | 357 | 4,329.60 | 4,329.60 | A,F,G,I | $0.00 |
| Kasperski | Robert | 364 | 5,883.92 | 5,883.92 | A,F,G,I | $0.00 |
| Kribs | Lisa | 407 | 1,634.61 | 1,634.61 | A,F,G,I | $0.00 |
| Lengyel | Dennis | 399 | 18,730.95 | 10,950.00 | A,F,G,I | $0.00 |
| McCarthy | James | 395 | 24,484.61 | 10,950.00 | A,F,G,I | $0.00 |
| Micket | James | 397 | 2,831.26 | 2,831.26 | A,F,G,I | $0.00 |
| Montmayeul | Robin | 365 | 18,509.61 | 10,950.00 | A,F,G,I | $0.00 |
| Nicholson | Gregory | 269 | 70,594.76 | 10,950.00 | A,F,G, (note 1) | $0.00 |
| Parafenuk | Dennis | 464 | 15,808.52 | 10,950.00 | A,F,G,I | $0.00 |
| Robinson | Gwendolan | 508 | 15,746.62 | 10,950.00 | A,F,G,I | $0.00 |
| Rogers | Vicki | 480 | 10,461.54 | 10,461.54 | A,F,G,I | $0.00 |
| Russell | Warren | 327 | 12,518.71 | 10,950.00 | A,F,G,I | $0.00 |
| Schnurr | Alexandra | 376 | 3,641.49 | 3,641.49 | A,F,G,I | $0.00 |
| Seymour | Timothy | 375 | 7,338.45 | 7,338.45 | A,F,G,I | $0.00 |
| Skivington | George | 368 | 33,173.13 | 10,950.00 | A,F,G,I | $0.00 |
| Steepy | John | 393 | 17,897.00 | 10,950.00 | A,F,G,I | $0.00 |
| Stevens | Leslie | 494 | 9,323.05 | 9,323.05 | A,F,G,I | $0.00 |
| Tavares | Joseph | 443 | 8,461.52 | 8,461.52 | A,F,G,I | $0.00 |

Note 1: Worker was a contract worker, not an employee, and thereore not entitled to severance.

Fourth Omnibus Objection - Exhibit A

| Claim Objections |
|---|
| Objection A - Claim amount does not match the records of Debtor. |
| Objection B - Claims fail to specify statute on which claim is based. |
| Objection C - No "plant closing" or "mass layoff" occurred to trigger WARN Act. |
| Objection D - Employment losses occurred at separate sites and did not trigger WARN Act. |
| Objection E - Debtor's "unexpected business loss" provides exception to WARN Act liability. |
| Objection F - Insufficient documentation provided with claim. |
| Objection G - Severance agreement unenforceable due to lack of proper corporate authority. |
| Objection H - Severance agreement entered into after employee resignation. |
| Objection I - Severance agreement contrary to Debtor's established severance policy. |
| Objection J - Claims are not priority claims under 507(a)(4) (e.g., bonuses, awards, unreimbursed expenses) |
| Objection K - Claim is duplicative of another filed proof of claim. |

# LIMITED NOTICE SERVICE LIST

**Counsel for The Official Unsecured Creditors Committee:**

Joseph Allen Kelly
Robert J. Mendes
Allison E. Batts
2525 West End Avenue, Suite 1475
Nashville, TN 37203
jak, rjm or aeb@mglaw.net
(Electronic Service)

**U.S. Trustee:**

Lloyd E Mueller
United States Trustee
701 Broadway Suite 318
Nashville, TN 37203
Lloyd.E.Muller@usdoj.gov
(Electronic Service)

**Secured Creditors:**

Robert A. Guy, Jr.
Re: CIT Group/Business Credit, Inc.
Waller Lansden Dortch & Davis LLP
511 Union Street, Ste 2700
Nashville, TN 37219
bobby.guy@wallerlaw.com
(Electronic Service)

Kimbro Mechanical, LLC
1877 Air Lane Drive
Nashville, TN 37210

**Attorneys General:**

William Frederick McCormick
Tennessee Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37243
agbanklundin@ag.tn.gov
(Electronic Service)

Lawrence T. Palmer
Office of the Attorney General
564 Forbes Avenue
Manor Complex, 5th Floor
Harrisburg, PA 15219
lpalmer@attorneygeneral.gov
(Electronic Service)

Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548

Office of the Attorney General
The State Capitol
Albany, NY 12224-0341

Office of the Attorney General
The Capitol, Suite 118
700 Capitol Avenue
Frankfort, KY 40601-3449

Office of the Attorney General
California Department of Justice
P.O. Box 944255
Sacramento, CA 94244-2550

Office of the Attorney General
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

**Parties Requesting Notice Via U.S. Mail:**

Ken Higman
Sr. Default & Recovery Analyst
Hewlett-Packard Company
2125 E. Katella Avenue, Suite 400
Anaheim, CA 92806

Vincent J. Roldan
Re: Innotex Precision Ltd and Print Rite
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104

417886-1

Christopher G. Campbell
Re: Innotex Precision Ltd and Print Rite
DLA Piper LLP
1201 West Peachtree Street, Suite 2800
Atlanta, GA 30309-3450

*All Other Parties Requesting Notice Receive Electronic Service Through the U.S. Bankruptcy Court's CM/ECF in Accordance with the Court's Procedures*

Janet Fitzpatrick, Legal Assistant
Unisys Corporation
Unisys Way
P.O. Box 500, M/S E8-108
Blue Bell, PA 19424

James S. Carr & Gabrielle A. Rohwer
Re: Toray Plastics (America), Inc.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

Kores Office Professional USA, Inc.
P.O. Box 601586
Dallas, TX 75360-1586

Nukote International, Inc.
Attn: Alan Lockwood
1227 Ridgeway Avenue
Rochester, NY 14615

George Edward Barrett
Barrett Johnston & Parsley
217 Second Avenue North
Nashville, TN 37201

Dennis Lengyel
5058 Purcell Road
Hemlock, NY 14466

Rogers Foam Corporation
Attn Scott Lee
20 Vernon Street
Somerville, MA 02145

Vincent J Roldan
Re: Innotex Precision Limited
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104

| | | |
|---|---|---|
| Stacie Altman<br>3207 State Street<br>Caledonia, NY 14423 | Adriane C. Bischoping<br>19 Pierce St.<br>Webster, NY 14580 | Terrence Branigan<br>5024 Cathann Street<br>Torrence, CA 90503 |
| Bonnie Bullock<br>440 Ritchie Lane<br>Bardstown, KY 40004 | Rosemary Clayton<br>1502 Chestnut Cove<br>Chapel Hill, TN 37034 | James Craven<br>215 Oak Grove St. Apt 1309<br>Minneapolis, MN 55403 |
| Richard Crowley<br>52 Kent Drive<br>Victor, NY 14564 | Paul Eigbrett<br>5118 Old West Lake Road<br>Honeoye, NY 14471 | Emily Esler<br>223 Flower City Park<br>Rochester, NY 14615 |
| Mary Jane Greenwell<br>7750 New Haven Road<br>New Haven, KY 40051 | Emila Herring<br>3116 Vera Valley Drive<br>Franklin, TN 37064 | Carl Holland<br>95 Hefner Drive<br>Webster, NY 14580 |
| Hai Huynh<br>34 Old Well Road<br>Rochester, NY 14626 | Robert Kasperski<br>86 Beacon Hills Drive, South<br>Penfield, NY 14526 | Lisa Kribs<br>37 Landsdale Street<br>Rochester, NY 14620 |
| Dennis Lengyel<br>5058 Purcell Road<br>Hemlock, NY 14466 | James Tice McCarthy<br>2 Park Bluff Way<br>Pittsford, NY 14534 | James Micket<br>875 Friar Tuck Lane<br>Webster, NY 14580 |
| Robin Montmayeur<br>164 Blue Aspen Way<br>Rochester, NY 14612 | Gregory Nicholson<br>113 Grove Lane<br>Franklin, TN 37064 | Dennis Parafenuk<br>338 James Street<br>N. Versailles, PA 15137 |
| Gwendolan Robinson<br>162 Foxridge Drive<br>Murfreesboro, TN 37128 | Vicki Rogers<br>9 Deer Track Lane<br>Brockport, NY 14420 | Warren Russell<br>1422 Northwoods Cove<br>Murfreesboro, TN 37130 |
| Alexandra Schnurr<br>15 Rudman Road<br>Rochester, NY 14622 | Timothy Seymour<br>136 Yarmouth Road<br>Rochester, NY 14610 | George Skivington<br>42 Putting Green Lane<br>Penfield, NY 14526 |
| John Steepy<br>4 Live Oak Court<br>Penfield, NY 14526 | Leslie Stevens<br>3853 Scotwood Drive<br>Nashville, TN 37211 | Joseph Tavares<br>3913 Sundew Court<br>Plano, TX 75093 |

Christopher Turnbow
2252 Oakleigh Drive
Murfreesboro, TN 37129

Felix Vega
P.O. Box 90907
Rochester, NY 14609

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NUKOTE INTERNATIONAL, INC., et al., | ) | Case No. 09 06240 |
| | ) | Chapter 11 |
| | ) | Judge Keith M. Lundin |
| | ) | |
| Debtors. | ) | Jointly Administered |

### AFFIDAVIT OF KELLY KITTRELL IN SUPPORT OF DEBTORS' FOURTH OMNIBUS OBJECTION TO CLAIMS OF FORMER EMPLOYEES (CLAIMS BASED SOLELY ON SEVERANCE AGREEMENTS)

STATE OF TEXAS

COUNTY OF COLLIN

Kelly Kittrell, being duly sworn, states that the following is true to the best of his knowledge, information and belief:

1. I am the Chief Investment Officer and Assistant Secretary of Nukote, Inc. (the "Company"), a Delaware corporation. The Company's principal executive offices are located at 2400 Dallas Parkway, Suite 230, Plano, TX 75093.

2. I am familiar with the Company's day-to-day operations, business affairs and overall financial condition.

3. I submit this affidavit in support of the Debtors' Fourth Omnibus Objection to Claims of Former Employees (Claims Based Solely on Severance Agreements) ("Claim Objection"). Except as otherwise indicated, all facts set forth in this affidavit are based upon my personal knowledge, my review of relevant documents, or my opinion, based upon my experience and knowledge of the

1

Company's operations and financial condition. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this affidavit.

4. The Company has made a detailed review of the claims that have been filed by former employees.

5. The Company has determined that many of those claims are objectionable for the reasons listed on the attached tables.

6. To the extent the claims are based on WARN Act statute, the Company does not believe that it had a "mass layoff" or "plant closing" as required by the statues and believes it was entitled to an exception due to the sudden loss of the Office Depot business.

7. To the extent the claims are based on Severance Agreements, the Company does not believe those agreements are valid as they were executed by an employee who had no authority and in contravention of the Company's stated policy.

FURTHER AFFIANT SAYETH NOT.

*Kelly Kittrell*
Kelly Kittrell

SUBSCRIBED AND SWORN TO BEFORE ME this 16th day of February, 2010.

*Virginia M. Justice*
Notary Public in and for
the State of Texas

VIRGINIA M. JUSTICE
My Commission Expires
January 2, 2012

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NUKOTE INTERNATIONAL, INC., et al., | ) | Case No. 09-06240 |
| | ) | Chapter 11 |
| Debtors. | ) | Judge Keith M. Lundin |
| | ) | Jointly Administered |

**PROPOSED ORDER GRANTING DEBTORS' FOURTH OMNIBUS OBJECTION
TO CLAIMS OF FORMER EMPLOYEES
(CLAIMS BASED SOLELY ON SEVERANCE AGREEMENTS)**

Came on for consideration before the Court, the Debtors' Fourth Omnibus Objection to Claims of Former Employees (Claims Based Solely on Severance Agreements) (the "Objection") filed by Nukote International, Inc., et al., the debtors in the above-referenced cases (collectively, "Nukote" and/or the "Debtors"). The Court having considered the Objection, and having noted that none of the parties referenced below filed a timely response to the Objection, finds that the Debtors' Objection is well taken and should be GRANTED as set forth below regarding the asserted claims of the Claimants listed below.

IT IS THEREFORE ORDERED that the Debtors' objection to each of the claims listed as an Exhibit "A" attached to the Motion is GRANTED and that the claim of each Claimant listed is hereby disallowed in their entirety for the reasons set forth in the Debtors' objection:

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE.**

SUBMITTED FOR ENTRY BY:

**WRIGHT GINSBERG BRUSILOW P.C.**

By: */s/ Frank J. Wright*
    Frank J. Wright
    C. Ashley Ellis
    Thomas P. Bingman
    600 Signature Place
    14755 Preston Road
    Dallas, TX 75254
    Telephone: 972-788-1600
    Facsimile: 972-239-0138
    Email: bankrtuptcy@wgblawfirm.com

**HARWELL HOWARD HYNE**
**GABBERT & MANNER, P.C.**

By: */s/ Barbara D. Holmes*
    Craig V. Gabbert, Jr.
    Barbara D. Holmes
    315 Deaderick Street, Suite 1800
    Nashville, TN 37238-1800
    Telephone: 615-256-0500
    Facsimile: 615-251-1058
    Email: cvg or bdh@h3gm.com

**Attorneys for Debtors**