# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NUKOTE INTERNATIONAL, INC., et al., | ) | Case No. 09 06240 |
| | ) | Chapter 11 |
| | ) | Judge Keith M. Lundin |
| | ) | |
| Debtors. | ) | Jointly Administered |

## AGREED ORDER REGARDING DEBTORS' FOURTH OMINBUS OBJECTION TO CLAIMS OF FORMER EMPLOYEES
## (CLAIMS BASED SOLELY ON SEVERANCE AGREEMENTS)
## SPECIFICALLY THE CLAIM OF GREG NICHOLSON
### [Related Docs. 526 & 553]

Came on for consideration *Debtors' Fourth Ominbus Objection to Claims of Former Employees (Claims Based Solely on Severance Agreements) Specifically the Claim of Greg Nicholson* [Docket No. 526] (the "Objection"), and the *Objection By Greg Nicholson to Notice of Debtors' Fourth Omnibus Objection To Claims of Former Employees (Claims Based Solely On Severance Agreements)* [Docket No. 553] ("Response"). The Parties have reached an agreement resolving the Objection and Response. The Court finds that good cause exists for entry of the

following Agreed Order and approval of the Parties agreement. Therefore, the Court makes the following findings of fact and conclusions of law:

A.    The Court has jurisdiction to hear and determine the Objections pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding in this district is proper pursuant to 28 U.S.C. § 1409. The proceedings before this Court constitute core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (K), and (O).

B.    On November 4, 2009 Greg Nicholson ("Plaintiff"), a creditor and former employee of the Debtors filed a claim in the total amount of $70,594.76 [Claim No. 269] (the "Claim").

C.    The Claim is the subject of a lawsuit in which a variety of claims and defenses have been asserted by the Parties and which is currently pending before in Davidson County Chancery Court (the "State Court Suit"). The Parties have reached a global settlement of all claims and defenses raised in the State Court Suit pursuant to which the Parties have agreed as follows:

a)    The Claim shall be an allowed Class 10 claim in the amount of $63,094.76 and an allowed Class 6 claim in the amount of $7,500.00.

b)    The Class 10 portion of the allowed amount of the Claim shall be paid in accordance with the terms of the Debtors' First Amended Joint Plan of Reorganization of Nukote, as modified (the "Plan").

c)    The Class 6 portion of the allowed amount of the Claim shall be paid in accordance with the terms of the Plan except as follows: the Class 6 portion of the Claim shall be paid in installments as follows: $1,000 on the 15th day of each month for six months with the first payment commencing on July 15, 2010 and continuing on the 15th day of each month for five months thereafter or if this Agreed Order has not

been entered by July 15, 2010, commencing as soon as practicable following entry of this Agreed Order, and continuing on the 15th day of each month until a total of six payments of $1000.00 have been made. A final payment in the amount of $1,500.00 shall be made on the 15th day of February, 2011 or, in the event this Agreed Order has not been entered on or before July 15, 2010, on the 15th day of the month immediately following the month in which the sixth payment of $1000.00 has been made.

d) All claims in the State Court Suit shall be dismissed with prejudice.

e) Except as provided above and in this Agreed Order Plaintiff shall be deemed to have released all claims arising from or in any way related to the Claim, the State Court Suit or Plaintiff's employment with the Debtors. Debtors shall be deemed to have released all claims arising from or in any way related to the Claim, the State Court Suit or Plaintiff's employment with the Debtors.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

1. The findings set forth above and conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this matter pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

2. Claim No. 269 is allowed as a Class 10 claim in the amount of $63,094.76.

3. Claim No. 269 is allowed as a Class 6 claim in the amount of $7,500.00.

4. All claims asserted in the State Court Suit shall be dismissed with prejudice.

IT IS SO ORDERED.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE

Submitted for entry by:

By:     */s/ Paul B. Geilich*
        Frank J. Wright
        Paul B. Geilich
        C. Ashley Ellis
        Wright Ginsberg Brusilow P.C.
        600 Signature Place
        14755 Preston Road
        Dallas, TX  75254
        Telephone: 972-788-1600
        Facsimile: 972-239-0138
        Email: fwright, pgelich, or
        aellis@wgblawfirm.com

By:     */s/ Barbara D. Holmes.*
        Craig V. Gabbert, Jr.
        Barbara D. Holmes
        Harwell Howard Hyne Gabbert & Manner, P.C.
        315 Deaderick Street, Suite 1800
        Nashville, TN 37238-1800
        Telephone: 615-256-0500
        Facsimile:  615-251-1058
        Email:  cvg or bdh@h3gm.com
        **ATTORNEYS FOR DEBTORS**

**AGREED AS TO FORM AND SUBSTANCE:**

By:     */s/ David M. Anthony.*
        David M. Anthony # 019951
        Bone McAllester Norton PLLC
        511 Union Street, Suite 1600
        Nashville, Tennessee 37219
        Telephone: 615-238-6321
        Email for ECF:  anthonybk@bonelaw.com
        Email for all other purposes:  danthony@bonelaw.com
        **ATTORNEYS FOR GREG NICHOLSON**
        I:\9100s\9134\Pleadings\Agreed Order (revised) Regarding Greg Nicholson's Claim - Debtors' Fourth Omnibus Obj to Claims.doc