

**Keith M. Lundin**
**U.S. Bankruptcy Judge**
Dated: 12/15/10



## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE

IN RE:                                    )
                                          )
NUKOTE INTERNATIONAL, INC., et. al., )      CASE NO. 09-06240-KL3-11
                                          )
          Debtor,                         )
                                          )
                                          )      CONTESTED MATTER
                                          )      Debtor's Objection to WARN Act
                                          )      Claims of Former NY Employees

### <u>AGREED ORDER APPROVING SETTLEMENT</u>

Upon the Notice of Objection Deadline and Hearing as to Stipulation and Order submitted by the Debtor, Nukote International, Inc. ("Debtor" or "Nukote") and the Committee of Terminated Employees ("Committee"), and the Objection of NI Creditors' Trust to the Stipulation and Order, and the parties herein representing to the Court that the Objection has been resolved, its is hereby

ORDERED, that the Stipulation and Order entered into by and between the Debtor and the Committee, a copy of which is attached hereto, is hereby approved subject to the following modifications:

      (a)    The amount of priority wage claims timely filed by the former employees of Nukote is agreed to be in the aggregate amount of $1,036,000.00;

(b)     The amount of general unsecured claims timely filed by the former employees of Nukote is agreed to be in the aggregate amount of $805.964.84;

(c)     Counsel for the Committee of Terminated Employees may, on a quarterly basis, request disbursement from the NI Creditors' Trust for purposes of distributing such disbursement to the priority wage claim creditors, provided, however, that such disbursements shall be in minimum increments of $25,000.00 and the Trustee of the NI Creditors' Trust shall not be obligated to make such disbursements if the balance of funds in the Trust is $150,000.00 or less; and

(d)     The Trustee of the Trust shall pay from the Trust, upon entry of this Order, the sum of $85,042.00 to Davidson Fink LLP, and $21,525.00 to Wagner, Myers & Sanger, P.C., both as counsel for the Committee of Terminated Employees.


THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS
INDICATED AT THE TOP OF THE FIRST PAGE.



Approved for entry:

/s/ Martin B. Bailey
Martin B. Bailey, Esq., BPR# 15370
WAGNER, MYERS & SANGER, PC
P.O. Box 1308
Knoxville, Tennessee 37901
Telephone:  (865) 525-4600
Facsimile:  (865) 291-0419
mbailey@wmspc.com

/s/ David L. Rasmussen
David L. Rasmussen, Esq.
DAVIDSON FINK LLP
28 East Main Street, Suite 1700
Rochester, New York 14614
Telephone: (585) 546-6448
drasmussen@davidsonfink.com

COUNSEL FOR THE OFFICIAL
COMMITTEE OF TERMINATED EMPLOYEES

and

/s/ Griffin S. Dunham (with permission)
Joseph Allen Kelly (jak@mglaw.net)
Robert J. Mendes (rjm@mglaw.net)
Griffin S. Dunham (gsd@mglaw.net)
MGLAW, PLLC
2525 West End Ave., Suite 1475
Nashville, TN 37203
Telephone: 615-846-8000
Facsimile: 615-846-9000

COUNSEL FOR NI CREDITORS' TRUST

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2010, a copy of the foregoing was filed electronically.  Notice of filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access the filing through the Court's electronic filing system.

/s/ Martin B. Bailey
Martin B. Bailey

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NUKOTE INTERNATIONAL, INC., et. al.,) | | CASE NO. 09-06240-KL3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| NUKOTE INTERNATIONAL, INC., et. al.,) | | |
| | ) | |
| Movant, | ) | |
| | ) | |
| VS. | ) | CONTESTED MATTER |
| | ) | Debtor's Objection to WARN Act |
| COMMITTEE OF FORMER EMPLOYEES) | | Claims of Former NY Employees |
| | ) | |
| Respondent. | ) | |

## STIPULATION AND ORDER

Nukote International, Inc. ("Nukote") and the Committee of Terminated Employees ("Committee"), by their respective counsel, stipulate and agree as follows:

1.      Nukote filed the instant Chapter 11 proceeding on June 3, 2009.

2.      The Committee was authorized and formed by the Court on August 26, 2009 to represent the interests of former employees of Nukote who claimed to have unsecured priority and general unsecured claims arising from Federal and New York State WARN Act violations.

3.      The former employees of Nukote filed claims against Nukote asserting both unsecured priority wage claims and general unsecured claims, pursuant to the attached schedule.

4.      Nukote objected to the allowance of the claims in their entirety.

5.      On January 4, 2010, the Court entered an Order confirming Nukote's Chapter 11 Plan of Reorganization as Modified (the "Plan").

6.     The Plan provided that Allowed Priority Wage Claims shall be paid in full by the Trust on the later of (a) the Effective Date or (b) if such Claim is a Contested Claim, the date on which the Order allowing such Claim becomes a Final Order. The Plan further provided that the Reorganized Debtor would fund the Trust in an amount necessary to fund payment of any allowed priority wage claims subject to a right of reimbursement.

7.     In addition, the Plan provided to pay General Unsecured Claims pro rata from the Trust, which would be funded by recoveries from avoidance actions and 17.5% of recovery from litigation by Nukote against Office Depot.

8.     The parties have reached a resolution with respect to allowance of the Unsecured Priority Wage Claims and General Unsecured Claims filed by the former employees of Nukote.

　　　　a.  All Unsecured Priority Wage Claims as are set forth on the attached schedule, are to be allowed at the rate of eighty-five percent (85%) of the amount of the claim.

　　　　b.  All General Unsecured Claims, including fifteen percent (15%) of the Unsecured Priority Wage Claim, are to be allowed in full as unsecured claims.

9.     The Allowed Unsecured Priority Wage Claims are to be paid solely from the Trust contemplated by the Plan, which is to be funded from avoidance actions and the Office Depot litigation. Nukote shall have no further obligation to fund the Trust with cash as contemplated by Section 8.4 of the Plan, as Modified. The Allowed Unsecured

Priority Wage Claims shall be paid from the Trust prior to any pro rata distribution to General Unsecured Claims.

10.     Davidson Fink LLP and Wagner, Myers & Sanger, P.C. have been appointed as counsel for the Committee. Davidson Fink LLP and Wagner, Myers & Sanger, P.C. have legal fees and costs allowed by the Court in the amounts of $67,850.91 and $16,116.24, respectively. In addition, Davidson Fink LLP and Wagner, Myers & Sanger, P.C. have post-confirmation fees due in the amounts of $26,640.92 and $7,801.49, respectively, for total fees due, to date of $94,491.83 and $23,917.73, respectively.

11.     The parties agree that these fees shall be treated as Administrative Priority Claims from the Trust, to be paid from Trust assets prior to payment of any other claim or interest. Nukote shall have no obligation for the payment of such claims.

Approved for entry:

DAVIDSON FINK, LLP

David L. Rasmussen
28 East Main Street, Suite 1700
Rochester, NY 14615
Telephone (585-546-6448

and

WAGNER, MYERS & SANGER, P.C.

Martin B. Bailey
P.O. Box 1308
Knoxville, TN 37901

Attorneys for Official Committee of Terminated Employees

WRIGHT GINSBERG BRUSILOW P.C.

Frank J. Wright
C. Ashley Ellis
600 Signature Place
14755 Preston Road
Dallas, TX 75254
Telephone: 972-788-1600
Facsimile: 972-239-0138
Email: fwright or aellis@wgblawfirm.com

Attorneys for the Debtors

This Order has Been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.