IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NUKOTE INTERNATIONAL, INC. | ) | JOINTLY ADMINISTERED |
| | ) | UNDER CASE NO. 09-06240 |
| NUKOTE IMPERIAL, LTD., | ) | |
| | ) | CHAPTER 11 |
| INTERNATIONAL COMMUNICATION | ) | |
| MATERIALS, INC., | ) | Judge Keith M. Lundin |
| | ) | |
| ENVIROSMART, INC., and | ) | |
| | ) | |
| BLACK CREEK HOLDINGS, LTD., | ) | |
| | ) | |
| DEBTORS. | ) | |

ORDER GRANTING MOTION OF UNITED STEELWORKERS UNDER SECTION
105(a), 11 U.S.C. 105(a), TO, (I) ENFORCE THIS COURT'S ORDER DATED MAY 13,
2010, (II) COMPEL PAYMENT OF THE OBLIGATIONS ARISING THEREUNDER,
AND (III) OBTAIN NECESSARY RELIEF

The Court having considered the Motion Of United Steelworkers Under Section 105(a)

To (I) Enforce This Court's Order Dated May 13, 2010, (II) Compel Payment Of The

Obligations Arising Thereunder, And (III) Obtain Necessary Relief ("USW Motion") filed by the

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service

Workers International Union, AFL-CIO·CLC ("United Steelworkers" or "USW"); and the USW

1

having filed the USW Motion on September 10, 2010 (Docket No. 677) to enforce obligations set forth in this Court's Order dated May 13, 2010 (("May 13 Order") (Docket No. 603); the May 13 Order having authorized Nukote to enter into a settlement agreement dated May 3, 2010 in which the parties agreed to modify certain provisions of the parties' collective bargaining agreement and resolve certain legal and contractual disputes; and the Court having been advised that Nukote International, Inc., et al, the reorganized debtors in the above-referenced case (collectively, "Nukote" and/or the "Debtors") do not intend to prosecute any objection to the Motion; and proper notice of the Motion having been given;

IT IS THEREFORE ORDERED:

1. The USW Motion is granted as provided herein.

2. The USW, or the bargaining unit employees it represents, shall have allowed claims, parts of which may be treated as administrative expenses, as follows:

    (a) $ 4,800.00 relating to the uniform allowance set forth in the parties' collective bargaining agreement, such amount to be paid directly to the affected employees;

    (b) $ 15,179.65 relating to unpaid union dues, such amount to be remitted to the United Steelworkers;

    (c) $ 1,451.60 relating to satisfaction of the McKenzie/ Burke Grievance, such amount to be paid directly to the affected employees, as follows – McKenzie - $862.80, Burke - $588.80;

    (d) $ 4,960.08 relating to unpaid medical reimbursements and health premiums owing to bargaining unit employees as these matters are addressed in this Court's Order dated May 13, 2010 and paragraph 2 of the parties' May 3, 2010 settlement agreement, with such amounts to be paid directly to the employees identified on Exhibit 1 hereto**;**

3. In addition, in connection with obligations which arose following the entry of the May 13 Order, and in the interest of bargaining with respect to the effects of the closure of facility, the USW shall have allowed post-confirmation claims against Nukote, as follows: (a)

with respect to the Debtors' obligations under its collective bargaining agreement to provide a program of insurance benefits provided to its bargaining unit employees for the period of June 1, 2010 through August 31, 2010, (i) employee health insurance premiums withheld from payroll but not remitted to the Steelworkers Health and Welfare Fund, and (ii) out-of-pocket medical expenses and other obligations owing with respect to unpaid claims arising during the period, with all such amounts under this provision (a) to be paid directly to the affected employees; (b) unpaid vacation pay owing to bargaining unit employees in the following amount $58,490.76, with such amounts to be paid directly to the employees identified on Exhibit 2 hereto; and (c) $10,000 owing to employee Frank Kroll for an unpaid life insurance claim.

4. The amounts referenced above in paragraphs 2 and 3 shall constitute claims against Nukote to be paid from any unencumbered funds that are not subject to the liens of Nukote's secured creditors in order of priority and consistent with applicable law.

5. Upon the entry of an Order of the Bankruptcy Court approving this Stipulation, the USW will withdraw all pending unfair labor practice charges, including but not limited to the charges filed as NLRB Cases 6-CA- 36839 and 6-CA-37128.

6. This Order shall not be binding on any person not a party hereto; may not be held to be evidence of an adjudication on the merits of the claims or a release of claims in any other proceeding; and shall not prejudice or waive any defenses or rights of any person other than the USW and Nukote.

**IT IS SO ORDERED**.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE

Submitted for entry by:                                    Dated: December 17, 2010


By:     */s/ George E. Barrett*_____
        George E. Barrett
        Barrett Johnston, LLC
        217 Second Avenue North
        Nashville, TN  37201
        Telephone:  615-244-2202
        Facsimile:  615-252-3798
        Email: gbarrett@barrettjohnsonm.com

        -and-

        David R, Jury
        Associate General Counsel
        United Steelworkers
        Five Gateway Center, Room 807
        Pittsburgh, PA  15222
        Telephone: 412-562-2545
        Facsimile: 412-562-2429
        Email: djury@usw.org


        *COUNSEL FOR UNITED STEEL, PAPER AND*
        *FORESTRY, RUBBER, MANUFACTURING,*
        *ENERGY, ALLIED INDUSTRIAL AND SERVICE*
        *WORKERS INTERNATIONL UNION, AFL-CIO·CLC,*
        *AND ITS LOCAL 13836-01*

Approved as to form:

By:     */s/ Frank J. Wright*_____
        Frank J. Wright
        Wright Ginsburg Brusilow P.C.
        14755 Preston Road, Suite 600
        Dallas, TX 75254
        Telephone: 972-788-1600
        Facsimile: 972-239-0138
        Email: fwright@wgblawfirm.com

        *COUNSEL FOR THE DEBTORS*

# EXHIBIT 1

**Unpaid medical reimbursements owing pursuant to Paragraph 2(d) of the parties' May 3, 2010 Settlement Agreement**

Amounts Due as follows:

| | |
|---|---|
| Benny Musgrove | $582.00 |
| Chris Bennet | $82.00 |
| Cyrus Younkin | $105.00 |
| James Burke | $198.75 |
| Larry Bartholow | $213.00 |
| Lea Queer | $628.93 |
| Mary Swink | $161.50 |
| Richard Ainsley | $1,082.11 |
| Ronald Wadsworth | $100.00 |
| Sharon Kessler | $242.00 |
| Tim Flack | $88.00 |
| Eric Sladky | $707.00 |
| James McKenzie | $457.79 |
| Ester Golden | $312.00 |
| Total | $4,960.08 |

# EXHIBIT 2

| Name | 2010 Vac. Entitlement in Hours | Vac. Hours Taken | Vac. Hours Remaining | Pay Rate/Hr. | Gross Vac. Pay Owed by Nukote |
|---|---|---|---|---|---|
| Ainsley, Rich | 112 | 0 | 112 | $ 12.53 | $ 1,403.36 |
| Burke, Jim | 168 | 68 | 100 | $ 15.36 | $ 1,536.00 |
| Fullem, Debbie | 168 | 20 | 148 | $ 12.53 | $ 1,854.44 |
| Johnston, Audrey | 168 | 28 | 140 | $ 13.63 | $ 1,908.20 |
| Luckey, Bob | 168 | 40 | 128 | $ 12.53 | $ 1,603.84 |
| McKenzie, Jim | 168 | 86 | 82 | $ 13.31 | $ 1,091.42 |
| Porter, Alan | 168 | 72 | 96 | $ 12.53 | $ 1,202.88 |
| Queer, Lea | 168 | 48 | 120 | $ 13.63 | $ 1,635.60 |
| Swink, Mary | 168 | 58 | 110 | $ 12.53 | $ 1,378.30 |
| Bennett, Chris | 168 | 136 | 32 | $ 15.36 | $ 491.52 |
| Collins, Larry | 112 | 16 | 96 | $ 12.53 | $ 1,202.88 |
| Cooper, Frank | 112 | 40 | 72 | $ 12.53 | $ 902.16 |
| Eicher, Rick | 112 | 32 | 80 | $ 12.53 | $ 1,002.40 |
| Evans, Larry | 168 | 50 | 118 | $ 15.36 | $ 1,812.48 |
| Flack, Tim | 168 | 0 | 168 | $ 16.27 | $ 2,733.36 |
| Freed, Kevin | 88 | 8 | 80 | $ 12.53 | $ 1,002.40 |
| Fuller, Jeff | 168 | 86 | 82 | $ 15.36 | $ 1,259.52 |
| Gaskill, Dewayne | 112 | 16 | 96 | $ 12.53 | $ 1,202.88 |
| Gemas, Rob | 168 | 64 | 104 | $ 15.36 | $ 1,597.44 |
| Groh, Stephen | 88 | 0 | 88 | $ 12.53 | $ 1,102.64 |
| Huff, Dave | 168 | 100 | 68 | $ 15.36 | $ 1,044.48 |
| Jellick, William | 128 | 0 | 128 | $ 12.53 | $ 1,603.84 |
| Kroll, Frank | 168 | 146 | 22 | $ 15.36 | $ 337.92 |
| Mullins, Terry | 168 | 0 | 168 | $ 12.53 | $ 2,105.04 |
| Murray, Phillip | 88 | 0 | 88 | $ 12.53 | $ 1,102.64 |
| Musgrove, Benny | 168 | 100 | 68 | $ 15.36 | $ 1,044.48 |
| Renze, Joe | 168 | 46 | 122 | $ 15.36 | $ 1,873.92 |
| Sladky, Eric | 168 | 146 | 22 | $ 16.27 | $ 357.94 |
| Snyder, Mark | 168 | 10 | 158 | $ 15.36 | $ 2,426.88 |
| Swank, Keith | 88 | 16 | 72 | $ 12.53 | $ 902.16 |
| Vojacek, Steve | 168 | 0 | 168 | $ 15.36 | $ 2,580.48 |
| Wadsworth, Ronald | 168 | 60 | 108 | $ 16.27 | $ 1,757.16 |
| Wilson, Mike | 112 | 16 | 96 | $ 12.53 | $ 1,202.88 |
| Yauger, Charles | 168 | 122 | 46 | $ 15.36 | $ 706.56 |
| Yauger, Devon | 168 | 126 | 42 | $ 15.36 | $ 645.12 |
| Younkin, Cy | 168 | 51 | 117 | $ 15.36 | $ 1,797.12 |
| Camp, Ruth | 168 | 20 | 148 | $ 13.63 | $ 2,017.24 |
| Bartholow, Larry | 168 | 20 | 148 | $ 16.27 | $ 2,407.96 |
| Geary, Richard | 168 | 10 | 158 | $ 16.27 | $ 2,570.66 |
| Nicholson, Robert | 128 | 0 | 128 | $ 16.27 | $ 2,082.56 |
| | | | | | $ 58,490.76 |