IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | JOINTLY ADMINISTERED |
| NUKOTE INTERNATIONAL, INC., et al., | § | UNDER CASE NO. 09-06240 |
| | § | |
| DEBTORS. | § | CHAPTER 11 |
| | § | Judge Keith M. Lundin |
| | § | |
| | § | HEARING DATE: June 7, 2011 |
| | § | HEARING TIME: 9:00 A.M. |
| | § | |

### DEBTORS' LIMITED RESPONSE TO UNITED STATES TRUSTEE'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7

Nukote International, Inc., et al, the reorganized debtors in the above-referenced case (collectively, "Nukote" and/or the "Debtors"), file this Limited Response to United States Trustee's Motion to Dismiss, or in the Alternative, to Convert Case to Chapter 7 (the "Response") and would respectfully show the Court as follows:

1. Nukote actually does not oppose dismissal of these Chapter 11 cases. Nukote agrees that there is no reason for these cases to remain open given that the only action is the pursuit of avoidance actions by the NI Creditors' Trust which can continue after dismissal. To that end, Nukote has approached the UST and counsel for the NI Creditors' Trust in an effort to reach agreement on an order of dismissal. Such order, in Nukote's opinion, ought to contain appropriate provisions that ensure that all parties understand the effect of §349 and what a dismissal order does and does not do. No agreement has been reached to date in part because there is a disagreement over how the fees should be calculated and in part because Nukote is out of business and has no funds to

DEBTORS' LIMITED RESPONSE TO UNITED STATES TRUSTEE'S MOTION
TO DISMISS, OR IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7                                PAGE 1

Case 3:09-bk-06240   Doc 792   Filed 06/02/11   Entered 06/02/11 17:44:20   Desc Main
                              Document   Page 1 of 12

pay the fees. In the interest of time, however, Nukote files this short, limited Response to the UST's Motion to Dismiss.

## *BRIEF FACTUAL BACKGROUND*

2. On June 3, 2009, the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On January 4, 2010, the Bankruptcy Court for the Middle District of Tennessee, Nashville Division confirmed the Debtors' First Amended Joint Plan of Reorganization (the "Plan").

4. Pursuant to the confirmed Plan, the NI Creditors' Trust was created to, among other things, pursue Avoidance Actions. Upon confirmation, the avoidance actions were conveyed to the Trust for the benefit of the Beneficiaries of the Trust.[1] The Order confirming the Plan is Docket No. 493 (the "Confirmation Order").

5. The Plan further provides for the continuation of the business of Nukote, as reorganized, the pursuit of avoidance actions, and the pursuit of the litigation against Office Depot. Generally, unsecured creditors holding allowed claims are to be paid by the Trust from the Net Recoveries their Pro Rata share of (i) Net Recoveries from the Avoidance Actions; and (ii) 17.5% of the OD Net Recoveries (as all of those capitalized terms are defined and the payment process is detailed in the Plan). Suffice to say, the source of funds from which payments to creditors are to be made under the Plan is recoveries on litigation, not the future income stream from the business of reorganized Nukote.

6. No party in interest ever sought to revoke the confirmation order pursuant to §1144.

---

[1] See Plan, Docket No. 404, ¶¶ 8.3 ("On the Effective Date, the Avoidance Actions shall be transferred to the Trust"), 2.69.

DEBTORS' LIMITED RESPONSE TO UNITED STATES TRUSTEE'S MOTION
TO DISMISS, OR IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7    PAGE 2

Case 3:09-bk-06240   Doc 792   Filed 06/02/11   Entered 06/02/11 17:44:20   Desc Main
Document   Page 2 of 12

## SUMMARY LIMITED RESPONSE TO THE MOTION TO DISMISS

7. Initially, it should be noted that the UST's Motion to Dismiss does not conform to the procedure set forth in section 16.15 of the Plan. Pursuant to section 16.15, the UST was obliged to give notice to reorganized Nukote of a default, and allow for the passage of a ten (10) cure window prior to bringing the default to the attention of this or another court of competent jurisdiction. As stated above, Nukote does not oppose dismissal; however, given that dismissal does not vitiate either the Plan or Confirmation Order, this point should not be overlooked.

8. Nukote believes that dismissal of these cases (as opposed to the UST's alternative relief of conversion) is appropriate in accordance with the order attached hereto as Exhibit "A." This proposed order has been circulated to the UST and counsel for the NI Creditors' Trust, however an agreement has not been reached as of the filing of this limited Response. Nukote believes the attached order is an appropriate and just resolution to the Motion to Dismiss for reasons which include, but are not necessarily limited to, the following:

>   (a) *__Dismissal of the Chapter 11 cases at this juncture will have no impact on the Office Depot litigation or, for that matter, the efficacy of the Plan or Confirmation Order as a whole__*. Once a plan is confirmed, it effectively replaces a debtor's prepetition obligations to creditors with the obligations to those creditors set forth in the confirmed plan. But, default under a confirmed plan does not equate to revocation of the confirmation order. Section 1144 is the exclusive means to revoke a confirmation order; revocation is only available for 180 days post-entry *and* only if the confirmation order was obtained through fraud - none of which is applicable

DEBTORS' LIMITED RESPONSE TO UNITED STATES TRUSTEE'S MOTION
TO DISMISS, OR IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7                                      PAGE 3

Case 3:09-bk-06240   Doc 792   Filed 06/02/11   Entered 06/02/11 17:44:20   Desc Main
Document   Page 3 of 12

to the case at bar. The reorganized Nukote's inability to continue its business as contemplated under the confirmed Plan due to changed business circumstances is (1) very different from an allegation of having obtained the Confirmation Order through fraud, (2) would not have justified revocation of the Confirmation Order even if revocation had been sought pursuant to § 1144, and (3) does not impact the continued vitality of the Plan given that the source of payment to creditors was not reorganized Nukote's future income stream, but was instead litigation recoveries. The post-confirmation dismissal of the Nukote entities' Chapter 11 cases does not affect the finality of the Confirmation Order and thus has no impact on the Plan, or the pursuit of the Office Depot litigation retained therein. Similarly, dismissal of these cases post-confirmation does not relieve reorganized Nukote and, in this case the trustee of the NI Creditors' Trust, from the obligations to creditors under the Plan and leaves those obligations unaltered. The Confirmation Order remains in place.

(b) ***This Court can "for cause, order otherwise" pursuant to §349(b), that dismissal of the Chapter 11 cases at this post-confirmation juncture does not affect the avoidance litigation that has been or will be filed by the NI Creditors' Trust.*** Generally, per §349(b) of the Code, post-confirmation dismissal does not unwind everything that occurred in the bankruptcy case, least of all confirmation of a plan. §349(b) does not refer to "undoing" or "unwinding" the plan itself, it speaks only to those specific Code sections it lists and vacates orders or judgments which avoided various transactions or interests unless the Court "for cause, orders otherwise." A provision in the attached proposed order specifically preserves the avoidance actions

---

DEBTORS' LIMITED RESPONSE TO UNITED STATES TRUSTEE'S MOTION
TO DISMISS, OR IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7                                                                                           PAGE 4

Case 3:09-bk-06240   Doc 792   Filed 06/02/11   Entered 06/02/11 17:44:20   Desc Main
                               Document     Page 4 of 12

by the NI Creditors' Trust, and as stated in the NI Trust's objection, there certainly appear to be ample reasons why the Court should "for cause, order otherwise" that dismissal should not reinstate those avoided transfers. The Plan provided that such avoidance actions would be pursued and they have been/will continue to be. Preserving the provisions of a confirmed plan and preservation of creditor expectations is, in and of itself, a good and acceptable reason for the Court to act "for cause" and dismiss the Chapter 11 cases yet "order otherwise" that the avoided transfers are not reinstated.[2]

(c) *Keeping the underlying Chapter 11 cases open is not necessary; the NI Creditors' Trust can pursue adversary proceeding even after the cases are closed.* It is not necessary to keep the underlying Chapter 11 cases open to maintain the adversary proceedings. Dismissal of the main case will not affect the NI Trustee's ability to prosecute the adversaries.[3]

(d) *The proposed agreed order is not intended to affect adversely the UST's ability to collect those fees under any otherwise applicable law.* The UST's fee claim is

---

[2] *See e.g., In re Space Building Corp.*, 206 B.R. 269 (D. Mass. 1996); *In re Derrick*, 190 B.R. 346 (Bankr. W.D. Wis 1995); *In re Barton Industries, Inc.*, 159 B.R. 954 (Bankr. W.D. Okla. 1993); *In re Depew*, 115 B.R. 965 (Bankr. N.D. Ind. 1990)

[3] *See e.g., In re Porges*, 44 F.3d 159 (2d Cir. 1995); *Matter of Querner*, 7 F.3d 1199 (5th Cir. 1993); *In re Morris*, 950 F.2d 1531 (11th Cir. 1992); *In re Smith*, 866 F.2d 576 (3d Cir. 1989); *In re Earned Capital Corp.*, 331 B.R. 208 (Bankr. W.D. Pa. 2005); *In re Bailey*, 321 B.R. 169 (Bankr. E.D. Pa. 2005); *In re Sterling Optical Corp.*, 302 B.R. 792 (Bankr. S.D. N.Y. 2003); *In re Liptak*, 304 B.R. 820 (Bankr. N.D. Ill. 2004); *Un-Common Carrier Corp. v. Oglesby*, 98 B.R. 751 (S.D. Miss. 1989).

DEBTORS' LIMITED RESPONSE TO UNITED STATES TRUSTEE'S MOTION
TO DISMISS, OR IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7    PAGE 5

Case 3:09-bk-06240   Doc 792   Filed 06/02/11   Entered 06/02/11 17:44:20   Desc Main
Document   Page 5 of 12

not eliminated by a dismissal and can still be pursued against Nukote outside of the Bankruptcy Court.

9. Under the circumstances of these cases, Nukote does not oppose dismissal with the proviso that the Court "for cause, order otherwise," pursuant to §349(b) with regard to the non-reinstatement of avoided transfers. The NI Creditors' Trust's authority and obligation to pursue avoidance actions was specifically preserved in the Plan and Confirmation Order, as was the right of all unsecured creditors to share in the proceeds therefrom.[4] The Plan and Confirmation Order remain in effect. It would be inequitable to all creditors and parties in interest if post-confirmation dismissal functioned to revoke key terms of the Plan and unjustly alter creditors' rights to litigation recoveries under the Plan.

WHEREFORE, PREMISES CONSIDERED, Nukote prays that the Chapter 11 cases be dismissed, and the relief sought by the UST in the Motion to Dismiss be granted consistent with the terms of the order attached hereto as Exhibit "A," and for such other relief to which Nukote may be entitled.

---

[4] Statements summarizing the provisions of the Plan are merely that - general summaries. The terms and provisions of the Plan control.

DEBTORS' LIMITED RESPONSE TO UNITED STATES TRUSTEE'S MOTION
TO DISMISS, OR IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7                                    PAGE 6

Case 3:09-bk-06240   Doc 792   Filed 06/02/11   Entered 06/02/11 17:44:20   Desc Main
Document   Page 6 of 12

DATED: June 2, 2011	Respectfully submitted,

**WRIGHT GINSBERG BRUSILOW P.C.**

By: /s/ Frank J. Wright
    Frank J. Wright
    Texas Bar No. 22028800
    C. Ashley Ellis
    Texas Bar No. 00794824

600 Signature Place
14755 Preston Road
Dallas, TX 75254
(972) 788-1600
(972) 239-0138 (fax)
Email: bankruptcy@wgblwfirm.com

**ATTORNEYS FOR DEBTORS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on June 2, 2011 via first class mail, postage prepaid on the parties on the attached service list and electronically on all parties consenting to electronic service in this case.

/s/ C. Ashley Ellis
C. Ashley Ellis

I:\9100s\9134\001\Pleadings\Trustee Motion to Dismiss - Response.wpd

DEBTORS' LIMITED RESPONSE TO UNITED STATES TRUSTEE'S MOTION
TO DISMISS, OR IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7	PAGE 7

Case 3:09-bk-06240    Doc 792    Filed 06/02/11    Entered 06/02/11 17:44:20    Desc Main
Document    Page 7 of 12

# LIMITED NOTICE SERVICE LIST

**Counsel for The Official
Unsecured Creditors Committee:**

Joseph Allen Kelly
Robert J. Mendes
Griffin S. Dunham
2525 West End Avenue, Suite 1475
Nashville, TN 37203
jak, rjm or aeb@mglaw.net
(Electronic Service)

**U.S. Trustee:**

Lloyd E Mueller
United States Trustee
701 Broadway Suite 318
Nashville, TN 37203
Lloyd.E.Muller@usdoj.gov
(Electronic Service)

**Secured Creditors:**

Kimbro Mechanical, LLC
1877 Air Lane Drive
Nashville, TN 37210

**Attorneys General:**

William Frederick McCormick
Tennessee Attorney General's Office
Bankruptcy Division
P.O. Box 20207
Nashville, TN 37243
agbanklundin@ag.tn.gov
(Electronic Service)

Lawrence T. Palmer
Office of the Attorney General
564 Forbes Avenue
Manor Complex, 5th Floor
Harrisburg, PA 15219
lpalmer@attorneygeneral.gov
(Electronic Service)

Office of the Attorney General
P.O. Box 12548
Austin, TX 78711-2548

Office of the Attorney General
The State Capitol
Albany, NY 12224-0341

Office of the Attorney General
The Capitol, Suite 118
700 Capitol Avenue
Frankfort, KY 40601-3449

Office of the Attorney General
California Department of Justice
P.O. Box 944255
Sacramento, CA 94244-2550

Office of the Attorney General
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

**Parties Requesting Notice Via U.S. Mail:**

Ken Higman
Sr. Default & Recovery Analyst
Hewlett-Packard Company
2125 E. Katella Avenue, Suite 400
Anaheim, CA 92806

Vincent J. Roldan
Re: Innotex Precision Ltd and Print Rite
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104

417886-1

Case 3:09-bk-06240   Doc 792   Filed 06/02/11   Entered 06/02/11 17:44:20   Desc Main
Document      Page 8 of 12

Christopher G. Campbell
Re: Innotex Precision Ltd and Print Rite
DLA Piper LLP
1201 West Peachtree Street, Suite 2800
Atlanta, GA 30309-3450

Janet Fitzpatrick, Legal Assistant
Unisys Corporation
Unisys Way
P.O. Box 500, M/S E8-108
Blue Bell, PA 19424

James S. Carr & Gabrielle A. Rohwer
Re: Toray Plastics (America), Inc.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

Kores Office Professional USA, Inc.
P.O. Box 601586
Dallas, TX 75360-1586

Nukote Inc.
1050 Pittsford Victor Road
Pittsford, NY 14534

*All Other Parties Requesting Notice Receive
Electronic Service Through the U.S.
Bankruptcy Court's CM/ECF in Accordance
with the Court's Procedures*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NUKOTE INTERNATIONAL, INC., et al., | ) | Case No. 09-06240 |
| | ) | Chapter 11 |
| Debtors. | ) | Judge Lundin |
| | ) | |
| | ) | Jointly Administered |

## ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS

Came on to be considered before the Court the United States Trustee's Motion to Dismiss, or in the Alternative, to Convert Case to Chapter 7 (the "Motion") and, upon consideration of the Motion and the agreement of the above-referenced Debtors to the relief sought therein, the Court hereby finds: (1) this Court has jurisdiction pursuant to 28 U.S.C. §1334 and that this matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2); (2) notice of the Motion was proper and adequate under the circumstances, and that no other or further notice is necessary; (3) the relief requested in the Motion is in the best interest of the Debtors, their estates and all interested parties and should be granted to the extent set forth herein; and (4) good cause exists for the Court, pursuant to the authority granted in 11 U.S.C. §349, to order that dismissal of the above-referenced Chapter 11 cases shall not reinstate any transfer avoided pursuant to any of the sections referred to in 11 U.S.C. §349(b). After due deliberation thereon and there being good and sufficient cause,

IT IS HEREBY ORDERED that:

1

EXHIBIT "A"

Case 3:09-bk-06240  Doc 792  Filed 06/02/11  Entered 06/02/11 17:44:20  Desc Main
Document  Page 10 of 12

1. The Motion is granted as and to the extent set forth herein;

2. The Chapter 11 cases of each of the above-referenced Debtors are hereby dismissed pursuant to § 1112(b) upon agreement between the Debtors and the United States Trustee.

3. Dismissal of the Chapter 11 cases shall not revoke the First Amended Joint Plan of Reorganization for Nukote (the "Plan") (Docket No. 404) or the Order Confirming said Plan (Docket No. 493) (the "Confirmation Order"), and the terms and conditions of the Plan and Confirmation Order remain in full force and effect to bind the Debtors, all creditors and parties in interest in these Chapter 11 cases.

4. Dismissal of the Chapter 11 cases shall not affect, in any manner, the OD Causes of Action as same are defined and retained for pursuit under the Plan and Confirmation Order.

5. Pursuant to the Court's authority and discretion granted pursuant to 11 U.S.C. §349(b), dismissal of the Chapter 11 cases: (a) shall not affect the validity of any and all adversary proceedings commenced post-confirmation by the Trustee of the NI Creditors' Trust pursuant to the terms and conditions of the Plan and Confirmation Order whether such adversary proceedings(s) are concluded, pending or otherwise; (b) shall not affect this Court's otherwise proper jurisdiction over any such adversary proceedings; and (c) shall not reinstate any transfer avoided pursuant to any of the sections referred to in 11 U.S.C. §349(b).

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT TOP OF FIRST PAGE**

Submitted for entry by:

**WRIGHT GINSBERG BRUSILOW P.C.**

By: /s/ Frank J. Wright
    Frank J. Wright
    C. Ashley Ellis
    600 Signature Place
    14755 Preston Road
    Dallas, TX 75254
    Telephone: (972) 788-1600
    Facsimile: (972) 239-0138
    Email: fwright, pgeilich, or aellis@wgblawfirm.com

and

**HARWELL HOWARD HYNE**
**GABBERT & MANNER, P.C.**

By: /s/ Barbara D. Holmes
    Craig V. Gabbert, Jr.
    Barbara D. Holmes
    315 Deaderick Street, Suite 1800
    Nashville, TN 37238-1800
    Telephone: (615) 256-0500
    Facsimile: (615) 251-1058
    Email: cvg or bdh@h3gm.com

**ATTORNEYS FOR DEBTORS**

3

416255-2

Case 3:09-bk-06240   Doc 792   Filed 06/02/11   Entered 06/02/11 17:44:20   Desc Main
Document      Page 12 of 12