# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No.: 3:09-bk-06240 |
| NUKOTE INTERNATIONAL, INC., | ) Chapter 11 |
| | ) Judge Lundin |
| Debtor. | ) |
| | ) Date Set: June 7, 2011 |
| | ) |

## NOTICE BY GREG NICHOLSON IN SUPPORT
## OF MOTION OF U.S. TRUSTEE TO DISMISS OR CONVERT CASE

Comes now, Greg Nicholson (hereinafter "Nicholson"), by and through his attorneys, and respectfully files this *Notice in Support* of the *Motion to Dismiss or in the Alternative, Convert Case to Chapter 7* (the "Motion") [Docket 784] filed by the U.S. Trustee on May 23, 2011. For cause, Nicholson would show:

1. Nukote International, Inc. (the "Debtor") commenced this bankruptcy case by filing a Petition under Chapter 11 of the U.S. Bankruptcy Code in this Court on June 3, 2009.

2. Nicholson is a creditor and former employee of the Debtor, and Nicholson filed a claim on November 4, 2009, in the total amount of $70,594.76 [Claim No. 269] (the "Claim") for unpaid amounts owed under a certain January 20, 2009 *Severance Agreement and Release* (the "Agreement"). Nicholson asserted that $10,950.00 of his claim was entitled to priority under 11 U.S.C. § 507(a)(4) was wages earned within 180 days before the Bankruptcy filing.

3. Debtor filed a *Notice of Debtors' Fourth Omnibus Objection to Claims of Former Employees (Claims Based Solely on Severance Agreements)* (the "Objection") that objected to Nicholson's claims as a former employee for amounts owed. Nicholson responded to the Objection and engaged in substantial litigation pleadings and discussions.

{00621345.1}

1

4. Ultimately, the parties entered into the *Agreed Order Regarding Debtors' Fourth Omnibus Objection to Claims of Former Employees (Claims Based Solely on Severance Agreements)* [Docket 655] (the "Agreed Order"), in which the Debtor agreed to payment of Nicholson's claim as a Class 10 general unsecured claim, but Debtor also agreed to payment of part of Nicholson's claim as a Class 6 claim, which provides for payment of "Priority Wage Claims" to be paid "in full on the Effective Date or as soon as assets are available."

5. In the Agreed Order, Debtor agreed to a specific payment schedule of a discounted Priority Wage Claim for Nicholson that would start on July 15, 2010, and then pay the remainder of the Class 6 Priority Wage Claim over the next six (6) months.

6. The Agreed Order was entered on July 15, 2010, and Debtor *immediately* defaulted on its agreed payment schedule for the Class 6 Claim.

7. Nicholson's counsel e-mailed Debtor's counsel to ask for the initial payment, and, Debtor's counsel responded on August 20, 2010, to advise "[a]t this time there are no funds available to make the payments due on the settlement. You can bring a motion to enforce it, but there are simply no funds to make the payments so I wouldn't waste your time or money." A copy of the e-mail is attached as **Exhibit 1**.

8. Throughout the course of the Objections process, at no point was it revealed that the estate was insolvent, and, accordingly, as of the date of the Agreed Order, the time to move to revoke confirmation pursuant to 11 U.S.C. § 1144 had expired before such facts were revealed. By the time of the frank disclosure on August 20, 2010, the Plan had been confirmed for over seven (7) months.

9. Here, it is obvious that this Bankruptcy Case is administratively insolvent, due to the inability to pay administrative and priority claims, such as those provided for under Class 6.

10. "Cause" for dismissal or conversion under 11 U.S.C. § 1112(b)(4) exists, including: failure to comply with an order of the court; failure to pay any fees required (including

{00621345.1}

2

Case 3:09-bk-06240   Doc 793   Filed 06/03/11   Entered 06/03/11 13:14:59   Desc Main
Document      Page 2 of 6

U.S. Trustee's fees); material default by the debtor with respect to a confirmed plan; and the administrative insolvency of the case.

11. There is no reasonable likelihood of rehabilitation and there are unreasonable increasing costs to the estate, especially in light of the undisputed facts that Debtor has completely shut down its operations. Indeed, the Trust's Response to the Motion states that it has been continually unsuccessful in making contact with Debtor. This confirmed Plan in this case was dead on arrival, lacks assets, and there is no reasonable likelihood of any substantial distribution to creditors. At best, this is a liquidation case. In light of the inability to pay administrative claims, including counsel's fees, this matter is best suited for administration by a Chapter 7 Trustee, if not a dismissal—considering the lack of involvement by the Debtor and the lack of assets to pay administrative claims, much less general unsecured claims.

WHEREFORE, premises considered, Nicholson respectfully submits this Notice in Support of Motion to Dismiss and requests that this Court dismiss this Chapter 11 case.

Respectfully submitted,

/s/ David M. Anthony
Sam J. McAllester, III #003461
David M. Anthony # 019951
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
(615) 238-6321
Email for ECF: mcallesterbk@bonelaw.com
anthonybk@bonelaw.com
Email all other purposes:
smcallester@bonelaw.com
danthony@bonelaw.com

Attorneys for Greg Nicholson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice/ECF and/or United States Mail, first class, postage prepaid to the following persons:

Craig V. Gabbert, Jr.
Harwall Howard Hyne Gabbert & Manner, P.C.
315 Deaderick Street, Suite 1800
Nashville, Tennessee 37238

Frank Wright
Wright Ginsberg Brusilow P.C.
600 Signature Place
14755 Preston Road, Suite 600
Dallas, Texas 75254

Joseph Allan Kelly
Griffin S. Dunham
MGLAW, PLLC
2525 West End Avenue
Nashville, TN 37203

U.S. Trustee
701 Broadway
Suite 318
Nashville, TN 37203

this 3rd day of June, 2011.

/s/ David M. Anthony
David M. Anthony

{00621345.1}

4

## David Anthony

**From:** Tom Bingman [tbingman@wgblawfirm.com]
**Sent:** Friday, August 20, 2010 11:00 AM
**To:** David Anthony
**Subject:** RE: Greg Nicholson/NuKote Admin Claim

David,
Nukote is proceeding to prosecute various causes of action from which there may be a significant enough recovery to pay unsecured creditors. However, at this time there are no funds available to make the payments due on the settlement. You can bring a motion to enforce it, but there are simply no funds to make the payments so I wouldn't waste your time or money. I can't discuss any further details at this point, but Nukote is doing everything it can to pay creditors.
Tom

**Thomas Phillip Bingman III**
Wright Ginsberg Brusilow P.C.
14755 Preston Road, Suite 600
Dallas, Texas 75254
Direct: 972-419-4731
Fax: 972-239-0138
tbingman@wgblawfirm.com

---

**From:** David Anthony [mailto:danthony@bonelaw.com]
**Sent:** Wednesday, August 18, 2010 3:58 PM
**To:** Barbara Holmes; Tom Bingman
**Subject:** Greg Nicholson/NuKote Admin Claim

Tom and Barbara:

Mr. Nicholson has advised me today that he did not receive payments on July 15, 2010 or on August 15, 2010. Pursuant to the Order (attached), it was my understanding that NuKote was to pay him a monthly disbursement of $1,000, starting on July 15, 2010.

Please let me know if I am incorrect on my reading of the Agreed Order and, if not, when these disbursements will be made. Thanks.

---

David Anthony
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville City Center
Nashville, Tennessee 37219
615.238.6321 (direct)
615.687.5599 (direct facsimile)
danthony@bonelaw.com
www.bonelaw.com
www.creditorsrights101.com


Bone McAllester Norton PLLC mail server made the following annotations:
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.