IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.: 3:09-bk-06240 |
| NUKOTE INTERNATIONAL, INC., ) | Chapter 11 |
| ) | Judge Lundin |
| Debtor. ) | |
| ) | Date Set: July 26, 2011 |
| ) | |

---

**OBJECTION BY GREG NICHOLSON TO SUBMITTED AGREED ORDER RESOLVING
HEARING ON U.S. TRUSTEE'S MOTION TO DISMISS [DOCKET NO. 808]**

---

Comes now, Greg Nicholson (hereinafter "Nicholson"), and files this *Objection* to the *Agreed Order Resolving Hearing on United States Trustee's Motion to Dismiss*, which was filed on July 25, 2011 at Docket 808 (the "Submitted Order"). Nicholson requests that the hearing on July 26, 2011, that was set by consent of all parties, *including Nicholson*, proceed. For cause, Nicholson would show:

<u>The Agreed Order ignores Nicholson's timely filed LBR 9014 response</u>. Nicholson filed a *Notice in Support* [Docket No. 793] regarding the *Motion to Dismiss or in the Alternative, Convert Case to Chapter 7* (the "Motion") [Docket No. 784]. Nicholson's Notice was a properly filed response to the Motion, filed pursuant to LBR 9014-1.

Pursuant to LBR 9014-1b, if a timely response is filed, a hearing shall be held. Here, there can be no dispute that Nicholson filed a timely response to the Motion and that no Agreed Order to avoid a hearing can be entered without Nicholson's participation (or over his objection).

<u>The signatory parties to the Submitted Order were all aware that Nicholson had filed a response to the Motion and included Nicholson in discussions—until Nicholson refused to consent to their desired relief</u>. Nicholson has been a party to numerous e-mails over the last six

{00639441.1}

1

weeks between the parties discussing potential resolutions of the Motion. Nicholson's counsel has attended every hearing setting for this matter, and his consent for every continuance was requested and provided.

Indeed, when resolution of the Motion was at an impasse, counsel for the US Trustee noted that: "We are not in a position to submit an agreed order to the Court because not all parties that responded to the motion have authorized me to sign their names to the proposed order." "What signatures do you still need?" a later e-mail asked. The response from the US Trustee: "The Trust and David Anthony's client."

There is no question that, before the parties opted to exclude Nicholson, they recognized his timely LBR 9014 response. Nicholson acted in reliance on the good faith discussions between his counsel and counsel for all other parties. It came to much surprise to counsel for Nicholson when, even after the timely filing of Nicholson's *Pretrial Disclosures* pursuant to LBR 9014 last Thursday, the other parties simply filed the Agreed Order on the eve of the hearing. At the end, the parties decided to avoid the issue of conversion or dismissal, and they simply submitted the Agreed Order without even a copy or notice to counsel for Nicholson.

<u>The Agreed Order fails to resolve any of the substantive issues presented by the Motion, and Nicholson's Notice supplemented those issues by alleging additional factual and legal basis for relief under 11 U.S.C. § 1112(b)</u>. The Trustee's basis for conversion or dismissal was the Debtor's default in payments to the U.S. Trustee in the total amount of $44,474.03. Nicholson alleged that, further, as of August 2010, the Debtor was already out of money and defaulting on its obligations under the Plan. Regarding Nicholson's priority wage claim, counsel for Debtor said on August 20, 2010, " [y]ou can bring a motion to enforce it, but there are simply no funds to make the payments so I wouldn't waste your time or money."

Debtor's *Limited Response* to the Motion concedes that dismissal is an appropriate remedy: "Nukote actually does not oppose dismissal of these Chapter 11 cases" and that it "agrees that there is no reason for these cases to remain open…" The N1 Creditor's Trust similarly makes

{00639441.1}

2

an unconvincing case that this Chapter 11 Case should proceed: "In recent months, both the Trust and counsel for the Trust have unsuccessfully attempted to make contact with the Debtors. It has come to the Trust's attention that the Debtors business operations have ceased. To the best of the Trust's knowledge, no distributions have been made for many months."

Again, Nicholson requests a hearing on these issues. How can the parties go from admissions that there is no money, the Debtors are absent and not involved with the case, and the case is in complete liquidation, and, then, submit an Agreed Order that preserves the status quo?

As argued by Nicholson:

> There is no reasonable likelihood of rehabilitation and there are unreasonable increasing costs to the estate, especially in light of the undisputed facts that Debtor has completely shut down its operations. Indeed, the Trust's Response to the Motion states that it has been continually unsuccessful in making contact with Debtor. This confirmed Plan in this case was dead on arrival, lacks assets, and there is no reasonable likelihood of any substantial distribution to creditors. At best, this is a liquidation case. In light of the inability to pay administrative claims, including counsel's fees, this matter is best suited for administration by a Chapter 7 Trustee, if not a dismissal—considering the lack of involvement by the Debtor and the lack of assets to pay administrative claims, much less general unsecured claims.

* * *

This case should be, at best, converted to one under Chapter 7 for a Trustee to administer assets and conduct a true liquidation. The submission of the Agreed Order without the consent and without notice to Nicholson was designed to avoid any discussion of the merits of potential conversion or dismissal of Debtor's case under 11 U.S.C. § 1112(b).

WHEREFORE, premises considered, Nicholson respectfully submits this Objection to the *Agreed Order Resolving Hearing on United States Trustee's Motion to Dismiss* and requests that
{00639441.1}

the Court conduct the hearing on conversion or dismissal, as scheduled.

> Respectfully submitted,
>
> /s/ David M. Anthony
> Sam J. McAllester, III #003461
> David M. Anthony # 019951
> Bone McAllester Norton PLLC
> 511 Union Street, Suite 1600
> Nashville, Tennessee 37219
> (615) 238-6321
> Email for ECF:  mcallesterbk@bonelaw.com
>   anthonybk@bonelaw.com
> Email all other purposes:
> smcallester@bonelaw.com
> danthony@bonelaw.com
>
> Attorneys for Greg Nicholson

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice/ECF and/or United States Mail, first class, postage prepaid to the following persons:

Craig V. Gabbert, Jr.
Harwall Howard Hyne Gabbert & Manner, P.C.
315 Deaderick Street, Suite 1800
Nashville, Tennessee 37238

Frank Wright
Wright Ginsberg Brusilow P.C.
600 Signature Place
14755 Preston Road, Suite 600
Dallas, Texas 75254

Joseph Allan Kelly
Griffin S. Dunham
MGLAW, PLLC
2525 West End Avenue
Nashville, TN 37203

U.S. Trustee
701 Broadway
Suite 318
Nashville, TN 37203

this 26th day of July, 2011.

/s/ David M. Anthony
David M. Anthony

{00639441.1}

5